Constable, Appellant, *v.* Andrews et al.

Argued May 20, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Frank A. Bliley,* for appellant, cited; Ashman's Est., 218 Pa. 513; Landmesser's Est., 13 Pa. Superior Ct. 467; Hanson v. Bank, 7 Pa. 261.

*P. V. Gifford,* with him *R. L. Roberts,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, July 1, 1929:

This is an appeal from an order striking off a judgment entered in the Court of Common Pleas of Erie County.

On March 10, 1928, Truman O. Andrews, the surviving executor of E. W. Constable, deceased, was directed by the Orphans' Court of Erie County to distribute $23,-481.75, with which he was charged as assets of his decedent's estate, including "two items of [corporate] stock, ultimately to be distributed in kind, amounting to $10,-000." Exceptions to this decree nisi were dismissed June 2, 1928. On June 8, 1928, Andrews appealed to the Supreme Court, and, to make his appeal a supersedeas, entered security in the sum of $28,000. On August 4,

1928, Herbert Constable, one of the distributees and the present appellant, procured a certified transcript of the proceeding in the orphans' court, upon which he caused the judgment here in question, for $23,481.75, to be entered against Andrews in the common pleas. Subsequently this judgment was stricken from the record, on the ground that section 51 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, 517, authorizing and regulating the entering of such. a judgment, must be read in conjunction with section 6 of the Appeal Act of May 19, 1897, P. L. 67, 68, providing for making an appeal, from a decree directing the payment of money, a supersedeas, and that, under these acts, Andrews' appeal from the decree of the orphans' court being a supersedeas, the present appellant had no right to disturb the status quo (New Brighton, etc., R. R. Co. v. Pittsburgh, etc. R. R. Co., 105 Pa. 13, 24, 25) by entering judgment in the common pleas. The appeal now before us by the distributee, Herbert Constable, is from the order striking off this judgment of the common pleas.

Appellant contends, inter alia, that the bond entered by Andrews on his appeal from the decree of the orphans' court was not sufficient in amount to make that appeal a supersedeas. In answer, the court below states: "The Act of May 19, 1897, P. L. 68, section 6, requires a bond with sufficient surety in double the amount of 'an order, judgment or decree directing the payment of money' and provides that when such bond is filed the appeal shall act as a supersedeas," adding that the amount of the bond in question, being "more than double that portion of the decree directing the payment of money and costs," was sufficient to make the appeal a supersedeas. In addition, see sections 7 and 14 of the Act of 1897. Since we shall dispose of the present case on other grounds, it is not necessary to decide the point as to the sufficiency in amount of the above mentioned appeal bond; and, for the same reason, we refrain from entering into a discussion of the point raised by appel-

lant, that the common pleas had not properly before it the specific information, concerning the orphans' court proceedings, on which it acted when it struck off the judgment entered on the transcript of the latter tribunal.

The order striking off the judgment will be affirmed, not on the grounds adopted by the court below, but for reasons we are about to state, founded on the following additional facts: When Andrews took his appeal to the Supreme Court from the decree of the orphans' court charging him with $23,481.75, the present appellant, appellee in that appeal, moved to quash, and we sustained the motion, holding that the decree appealed from was not final (the reasons for that ruling will be found stated in a Per Curiam opinion filed by this court on May 15, 1929, reported in 297 Pa. 212). When the present appeal from the order of the court of common pleas came before us, attention was called by counsel for appellee to our decision that the determination of the orphans' court, on which the judgment stricken off had been entered, was not a final decree; whereupon counsel for appellant conceded,—as, of course, facts obliged him to do,—that the order thus called to our attention did in truth cover the decree on which the judgment in question rested. The decree of the orphans' court not being a final decree, it afforded no support to the judgment entered thereon; hence it cannot be held that the court below erred in entering the order appealed from, which strikes this baseless judgment from the records.

The order is affirmed.