## Commonwealth *v.* Degillio, Appellant.

Argued March 6, 1962.  Before Rhodes, P. J., Ervin, Wright, Watkins, Montgomery, and Flood, JJ. (Woodside, J., absent).

*Nicholas R. Degillio*, appellant, in propria persona.

*Julius Altman*, Special Assistant Attorney General, with him *John F. Finney* and *Morley W. Baker*, Assistant Attorneys General, and *David Stahl*, Attorney General, for Commonwealth, appellee.

Opinion by Watkins, J., March 21, 1962:

This is an appeal from the order of the Court of Common Pleas of Luzerne County discharging a rule to show cause why a judgment, in favor of the Commonwealth of Pennsylvania, Department of Labor and Industry, and against Nicholas Degillio, Joseph Forge and Michael Angelo, individually and as co-partners, formerly trading as Deforan Coal Company, in the

amount of $1273.03, should not be opened as to Nicholas Degillio, the appellant.

This judgment, in the amount of $1273.03, was based on the defendants' nonpayment of unemployment compensation contributions. On September 24, 1948, the Commonwealth issued a scire facias sur lien against the defendant-appellant. According to the return of service it was served by the Sheriff of Luzerne County, acting through his deputy, John Steve, on October 1, 1948, on the appellant "by handing to his mother, Minnie DeGillio, at his home, Kehoe Berge Road, City of Pittston, Luzerne County, Pennsylvania, a true and attested copy of the within scire facias sur lien and making known to her the contents thereof."

On December 6, 1948, judgment was entered against the appellant for want of an affidavit of defense. On the same date an affidavit of non-military service of the appellant was filed with the same address as given in the Sheriff's return. On June 16, 1959, the petition to open this judgment, as it affects the appellant, was filed. This averred that the appellant was not served with the pleadings, and that he was not a partner in the Deforan Coal Company. The Commonwealth's answer set forth the sheriff's return of service; the registration of the fictitious name of the Deforan Coal Company, showing the appellant, Nicholas Degillio, as one of the partners; the employer's initial statement filed with the Bureau of Employment Security by the Deforan Coal Company, signed by the appellant, Nicholas Degillio, as one of the partners. Depositions were taken and the court en banc below discharged the rule.

The testimony of the appellant disclosed that at the time of service he did not reside on Kehoe Berge Road, in the City of Pittston, the home of his mother, but that he lived in Kingston, Pennsylvania, with his family. He admitted having been a partner in Deforan Coal Company but claimed he had withdrawn from the

company. No agreement or other proof evidencing his withdrawal from the partnership, other than his own statement, was produced. He admitted that his name still appeared as a partner on various public records involving this company.

We agree with the court below that "the law of this Commonwealth is exceedingly clear that in the absence of fraud, a Sheriff's return of service, full and complete on its face, is conclusive upon parties resident in this State and cannot be set aside on extrinsic evidence." The leading case setting forth this doctrine is *Vaughn v. Love,* 324 Pa. 276, 188 A. 299 (1936), where the Supreme Court said, at page 280, ". . . a default judgment would have a precarious existence in many instances if its foundation, service of the writ, could be attacked many years later." See also: *Liberal Credit Clothing Co. v. Tropp,* 135 Pa. Superior Ct. 53, 4 A. 2d 565 (1939). This is apparent, herein, where the attack has been made 13 years after service. The contention of the appellant that the service was fraudulent is without merit.

Although the law is clear, it has at times resulted in hardship, but the question is moot here because, with the record before him, the appellant moved to open the judgment and so must be held to have waived all mere formal defects in the writ, and the manner of service and has submitted to the jurisdiction of the court. *Grezwich v. Green,* 162 Pa. Superior Ct. 139, 56 A. 2d 308 (1948).

"A petition to open judgment is addressed to the sound discretion of the court below, whose action will not be reversed on appeal unless an abuse of that discretion appears: . . . To open judgment, the petitioner must not only aver a valid defense but he must also establish equitable considerations which impress the court with the need for relief." *Minetola v. Samacicio,* 399 Pa. 351, 353, 160 A. 2d 546 (1960). We agree with the

court below that the evidence in this case does not make out such an effective defense as to warrant the opening of this judgment and most certainly the denial of the rule was not an abuse of discretion.

As the court below put it, "From this testimony of the defendant, we are not made aware of any equitable factors weighing in his favor.  In addition to the fact that the equities must be on the moving parties' side upon a motion to open a judgment, the burden is also upon the defendant to persuade the Court that upon submission of his defense to a jury a verdict in his favor could be upheld.  The Court is not required to open a judgment merely because the defendant produces evidence which, even if true, would constitute a defense.   Schuylkill Trust Co. v. Sobolewski et ux., 325 Pa. 422; Ehnes v. Wagner, supra.

"The petition herein is directed to the discretion of the Court and a mere oath against oath or conflict of evidence is not sufficient to compel a court to grant the relief sought.  The Court must be persuaded that the moving party could achieve a verdict in his favor if the matter were submitted to a jury.  Ahrens v. Goldstein, 376 Pa. 114.

"We are not persuaded that the evidence presented by Mr. Degillio in support of his motion makes out such an effective defense as to warrant the opening of a judgment of thirteen years' standing.  It appears that this situation is merely one in which we have a conflict of evidence which is not sufficient in itself or supported by equitable consideration to compel this Court to grant the relief sought.  Evidence presented by the Commonwealth is not effectively refuted."

Order affirmed.

WRIGHT, J., concurs in the result.