Carney *v.* Sado et ux., Appellants.

Argued November 17, 1972. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Chester Thomas Cyzio,* for appellants.

*George S. Pressman,* for appellee.

Opinion by Mr. Justice O'Brien, January 19, 1973:

Appellants, Adalbert Sado and Florence M. Sado, his wife, had engaged a contractor, one Papiro, to accomplish certain improvements on their residential property. A dispute then arose between appellants and appellee, Hannah Carney, a next-door neighbor, with respect to an alleged encroachment and channeling of storm water. The dispute culminated in a complaint in equity, filed by appellee against appellants, seeking injunctive and other relief. The complaint was filed on October 21, 1970, and proper service was made on appellants on that date.

Mrs. Sado, apparently believing that any problems were the fault of the contractor, contacted him and he, in turn, contacted Wesley M. Keely, Esquire. Keely reviewed the complaint, prepared an answer and, to-

gether with the contractor, visited the Sado home, Keely having in the interim entered an appearance on behalf of the Sados. According to Keely's deposition, he fully explained to Mrs. Sado the import of the complaint and the answer which he had prepared. When she refused to sign the answer, he explained to her that she was running the risk of having a judgment entered by default if she failed to respond within the time allowed by the Rules of Civil Procedure. He suggested to her that if she were not satisfied with his representation, she was, of course, free to engage other counsel and, he testified, he suggested the name of a lawyer who eventually did enter an appearance for the Sados and still represents them. In any event, Mrs. Sado refused to sign the answer and Mr. Keely, on November 16, 1970, withdrew his appearance for the Sados, having informed counsel for the appellee of that action by letter dated November 12, 1970. In that letter Keely informed counsel for appellee that the Sados were going to seek other counsel.

Thereafter, on November 18, 1970, judgment for want of an answer was entered against appellants and they were so informed by registered mail on that date. Again, they took no action, and on January 15, 1971, the court below entered a final decree in response to appellee's motion. It was not until February 3, 1971, that present counsel for appellants entered his appearance and filed a petition to open the final decree and allow appellants into a defense. Appellants have appealed the refusal of the court below to open the final decree.

It has long been the law of Pennsylvania that a petition to open a decree in equity is an appeal to the court's discretion and that that discretion may properly be exercised to grant such a petition if (1) the petition is promptly filed, (2) a defense is shown to exist on the merits, and (3) the default is reasonably

explained or excused. *Triolo v. Phila. Coca Cola Bot. Co.,* 440 Pa. 164, 270 A. 2d 620 (1970); *Fox v. Mellon,* 438 Pa. 364, 264 A. 2d 623 (1970); *Kramer v. Philadelphia,* 425 Pa. 472, 229 A. 2d 875 (1967); *Wheel v. Park Building,* 412 Pa. 545, 195 A. 2d 359 (1963). We do not believe that appellants have reasonably explained the default in the instant case.

In their petition to open, appellants allege that they "do not speak, read and understand the English language very well and have difficulty expressing themselves in such language, as a result of which they did not file an Answer to the Plaintiff's Complaint in Equity." They further allege that they "were led by plaintiff to believe that the Complaint in Equity was withdrawn by her and the matters alleged therein were settled to the mutual satisfaction of all the parties concerned." The record in this case not only fails to support those allegations, but directly refutes them. Mrs. Sado's deposition was taken, and from it it appears that while her husband has difficulty understanding and speaking English and neither reads nor writes English, she is not similarly handicapped. Mrs. Sado was born in the City of Philadelphia and attended school in Philadelphia, albeit only through five grades. She does, however, read and write English and was able to understand the questions posed to her during the deposition and answer them clearly and without apparent difficulty. Moreover, if the deposition of Mr. Keely is credited, as it apparently was by the court below, the import of the proceedings was fully explained to her by a member of the bar, and she was not, as alleged, unaware of the possible consequences of a failure to respond to the complaint. Mrs. Sado's deposition also indicates clearly that she had no conversations or contacts of any kind with appellee or appellee's counsel which could have in any way substantiated the allegation that appellants were led by

appellee to believe that the complaint had been withdrawn and the matter settled. Her only explanation of that allegation of the petition to open was that since nothing had really happened between the time of the receipt of the complaint and appellee's efforts to enforce the final decree, the matter must have been dropped.

As in *Triolo v. Phila. Coca Cola Bot. Co., supra,* "this is not a case where [appellee] lulled [appellants] into a false sense of security [citing cases]. Nor is this a case where [appellee] made a 'studied attempt' to obtain a default judgment [citing cases]." Appellants were informed of their position and their failure to act has not been reasonably explained. We need not, nor do we decide whether a defense on the merits was shown or whether appellants acted with sufficient promptness to satisfy the other two requirements of the rule, since we conclude that there has been no reasonable explanation of the default.

Decree affirmed. Each party to bear own costs.