594 A.2d 857

**Frances COMYN**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and City of Philadelphia.**

**Appeal of CITY OF PHILADELPHIA, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1991.

Decided July 1, 1991.

---

54

Audrey Greenhall, Philadelphia, for appellant.

John F. Hanahan, Folsom, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

The City of Philadelphia (City) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) denying the City's petition to open a default judgment taken against the City by Frances Comyn (Appellee). We reverse.

Appellee filed a complaint on November 18, 1988, against the City and Southeastern Pennsylvania Transit Authority (SEPTA), alleging that she was injured when she tripped over debris on steps leading to a SEPTA station. The City failed to answer the complaint, and, upon Appellee's praecipe, a default judgment was entered.

We note at the outset that "[t]he decision whether to open a default judgment is left to the sound discretion of the trial court, and absent an error of law or a clear manifest abuse of discretion, the trial court's decision will not be disturbed on appeal." *Southeastern Pennsylvania Transportation Authority v. Ray*, 131 Pa.Commonwealth Ct. 179, 181, 569 A.2d 1020, 1021 (1990). Further, it is a

well established rule that in order to grant a petition to open a default judgment, the following three criteria must be met: (1) the petition to open must be promptly filed; (2) there must be a reasonable excuse for failure to respond; and (3) a meritorious defense must be shown. *Id.*

The City argues that the trial court erred in refusing to open the default judgment because the City presented a reasonable excuse for its failure to respond, and because the City has the meritorious defense of governmental immunity.[1]

The reasonable excuse advanced by the City to the trial court for its failure to respond was that the City was never properly served with the complaint. The City presented the deposition testimony of Brenda Benson, Claims Coordinator for the City, who testified that she was the only person in the law department who was authorized to receive service of process, and that she was not served with the complaint. The City also produced deposition testimony of a Deputy Sheriff who stated that he served someone on the 9th floor of City Hall, but could not identify whom or the capacity of the person he had served.

The rule for service of process on a political subdivision is Pa.R.C.P. No. 422(b) (Rule) which reads as follows:

RULE 422. THE COMMONWEALTH AND POLITICAL SUBDIVISIONS

. . . .

(b) Service of original process upon a political subdivision shall be made by handing a copy to

(1) an agent duly authorized by the political subdivision to receive service of process, or

(2) the person in charge at the office of the defendant, or

(3) the mayor, or the president, chairman, secretary or clerk of the tax levying body thereof, and in counties where there is no tax levying body, the chairman or the clerk of the board of county commissioners.

---

1. There is no dispute that the petition to open was promptly filed.

Under subsection (1), the City argues that Brenda Benson, the City's duly authorized agent, was the sole person authorized to accept service of process for the City under the Rule and she was not served. Subsection (2) of the Rule, provides an alternative, service on the person in charge at the office of the defendant.

■ The City argues that service of the complaint on an unidentified person on the 9th floor of City Hall is not sufficient service for purposes of subsection (2) of the Rule. The Rules of Civil Procedure do not define "person in charge". Furthermore, neither party points to any case in which those terms are defined in the context of service on a political subdivision, and we find none.

However, we do find helpful a ruling in a Superior Court case which addressed criteria for service of process on a corporation or similar entity under Pa.R.C.P. 2180(a)(2) (since rescinded).[2] Rule 2180(a)(2) provided for service by handing a copy to:

[A]n agent *or person for the time being in charge of,* and only at, any office or usual place of business of the corporation or similar entity.... (Emphasis added.)

In *Hopkinson v. Hopkinson,* 323 Pa.Superior Ct. 404, 470 A.2d 981 (1984)[3], the Superior Court held that a corporation had been properly served when the Sheriff handed process to a receptionist who was named in the return, because the Sheriff's return of service clearly indicated that the individual represented to the Sheriff that she was the person in charge at the time of service.

In the case at bar, a Deputy Sheriff stated in a deposition as follows:

Q. So when you say you took it to the City of Philadelphia, sir, where did you take it?

2. Rescinded June 20, 1985. For service on corporations and similar entities, see Rule 424.

3. This case was overruled on other grounds in *Sonder v. Sonder,* 378 Pa.Superior Ct. 474, 549 A.2d 155 (1988).

A.   I took it to the address which was on the writ which I believe was 1101 Market, 9th floor.

. . . .

Q.   And, sir, did you have occasion, you said you took it to 11th and Market, do you recall what floor you were on?

A.   I recall being on the 9th floor because of the address on the writ.

Q.   What happened, you got to the 9th floor, sir, what did you do with it at that time?

A.   I went to the reception area on the 9th floor.  And I gave it what I assumed was a receptionist.

Q.   You gave it to a receptionist.

A.   I have no recollection at all as to who that was.

. . . .

Q.   And again you don't know who you gave that complaint to?

A.   I have no recollection at all, other than it was someone in the reception area.  I can't recall whether it was a man or a woman.

Deposition, pp. 8, 9, 11 and 12.

Using the holding in *Hopkinson* as a guide, since the Deputy Sheriff could not state affirmatively that the person to whom he handed the complaint was a receptionist, or the person in charge, service on the City was not accomplished.

Additionally, in *Hopkinson* the Sheriff's return specified the name of the person he served, whereas in the case at bar, the Deputy Sheriff did not ascertain the name of the person he served nor the official capacity of the person to whom he handed the complaint.

■   Because we hold that the City was not properly served, we conclude that the City had a reasonable excuse for its delay in responding to the complaint.

■   We turn next to the third requirement that the City show a meritorious defense.  The City argues that governmental immunity under 42 Pa.C.S.A. § 8541 is a meritorious

defense to Appellee's claim. We agree, but note that because no answer to the complaint was filed this defense was not raised in the pleadings. The City had an opportunity to raise the defense of governmental immunity when it petitioned to open the default judgment, but again neglected to do so. The City argues on appeal that the defense of governmental immunity cannot be waived. The supreme court so held in *In re: Upset Sale of Properties (Skibo)*, 522 Pa. 230, 232, 560 A.2d 1388 (1989). Therefore, we conclude that the City has also met the requirement that a meritorious defense be shown.

Because all three of the requirements for the opening of a default judgment have been met, the trial court erred by failing to do so.

Accordingly, for the foregoing reasons we reverse the order of the trial court.

## ORDER

AND NOW, July 1, 1991, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed.

SILVESTRI, Senior Judge, dissenting.

Frances Comyn (Comyn), pursuant to Pa.R.C.P. No. 237.1, entered a default judgment against the City of Philadelphia (City). The City filed a document bearing the title/label "Defendant's Motion To Open Plaintiff's Default Judgment." The trial court denied City's motion and it filed this appeal. The majority reversed the trial court without directions.[1] I disagree. I would reverse the trial court and strike the judgment; hence this dissent.

On November 18, 1988, Comyn filed a civil action against Southeastern Pennsylvania Transportation Authority (SEPTA) and the City, naming them as co-defendants. Comyn alleges in paragraphs 4 and 5 of her complaint that both

1. The effect of the majority's order is to open the default judgment and allow the City to plead to the complaint.

SEPTA and the City "maintained, possessed and controlled" the steps to the "Market–Frankford Elevated" at the corner of 8th and Market Streets in the City; that on May 22, 1987 while she was walking to said location "she did trip, stumble and fall to the ground by reason of coming in contact with the said foreign substances and objects and other defective conditions" sustaining injuries to her person (paragraph 8 of Comyn's complaint).[2]

The return of service of the civil action against the City by the sheriff, a copy of which was filed in the office of the prothonotary at the captioned docket, is as follows.

Served and made known to City of Phila, Defendant(s) on the 22 day of Nov., 1988, at 3 o'clock P.M., at 1101 Market Street, County of Philadelphia, Commonwealth of Pennsylvania, in the manner described below:

.     .     .     .     .

X   Agent or person in charge of Defendant's office or usual place of business.[3]

Sixty-one (61) days after date of service of the civil action as returned by the sheriff, Comyn sent a letter, dated January 23, 1989, by certified mail to the City law department pursuant to Pa.R.C.P. No. 237.1 advising "that unless you act within ten (10) days from the date of this notice, a judgment may be entered against you without a hearing." [4]

By letter dated January 27, 1989, four (4) days after the date of Comyn's Rule 237.1 letter, the Chief Deputy City Solicitor responded to Comyn acknowledging receipt of Comyn's January 23, 1989 letter and enclosing a copy of the

2. Comyn uses the phrase "foreign substances, objects and other defective conditions" in paragraphs 7, 9 and 10a, but nowhere in the complaint are the "foreign substances", "objects" and "defective conditions" described, identified or located.

3. There is no dispute that 1101 Market Street is the address of the Law Department of the City and that service was directed to be made at said address and said address is the proper address for delivering process on the City.

4. The full text of the letter from Comyn appears at R. 9a.

docket entries,[5] stating relative thereto that the docket entries reflect:

> [T]hat the City of Philadelphia was joined as an additional defendant by New Matter under 2252(d) on January 20, 1989 by Septa. Therefore, plaintiff is not the proper party to move for default. Secondly, any Notice of Default is premature.

I note that Comyn's letter as well as the City's reply thereto, as well as the docket entries, all list the parties to the action as Frances Comyn vs. Septa *and* the City.

The docket entries, enclosed with the January 24, 1989 letter of the City, recite—"1/20/89 01:09P Defendant, Septa, Answer and New Matter and New Matter 2252(D) joining the City of Philadelphia as an additional defendant." On February 17, 1989, twenty-five (25) days after the Rule 237.1 letter, and seventy-seven (77) days after the return of service by the sheriff, a judgment by default was entered against the City. (R. 13a)

On March 13, 1989, twenty-six (26) days after entry of the default judgment, and fifty-one (51) days after the Rule 237.1 letter, and one-hundred and three (103) days after the sheriff's return of service, the City sought relief from the default judgment by filing a paper entitled "Defendant's Motion To Open Plaintiff's Default Judgment."

A petition to strike a judgment differs from a petition to open a judgment. The difference has been set forth succinctly by Judge Spaeth in *Kophazy v. Kophazy*, 279 Pa.Superior Ct. 373, 421 A.2d 246 (1980), wherein he wrote:

> A petition to strike a judgment is a common law proceeding, *Hamborsky v. Magyar Presbyterian Church*, 78 Pa.Super. 519, 522 (1922), and operates as a demurrer to the record, *Advance Building Services Co. v. F. & M. Schaefer Brewing Co.*, 252 Pa.Super. 579, 582 n. 3, 384 A.2d 931, 932 n. 3 (1978), *citing*,

---

5. The full text of the letter from the City appears at R. 10a, 11a and 12a.

*Master Homecraft Co. v. Zimmerman,* 208 Pa.Super. 401, 222 A.2d 440 (1966). Thus, a petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters dehors the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken. *Cameron v. Great Atlantic and Pacific Tea Co.,* 439 Pa. 374, 266 A.2d 715 (1970); *Linett v. Linett,* 434 Pa. 441, 254 A.2d 7 (1969); *Liquid Carbonic Corp. v. Cooper & Reese, Inc.,* [272] Pa.Super. [462], 416 A.2d 549 (1979); *Advance Bldg. Services Co. v. F. & M. Schaefer Brewing Co., supra; Metropolitan Federal Savings & Loan Ass'n of Eastern Pennsylvania v. Bailey,* 244 Pa.Super. 452, 368 A.2d 808 (1976); *Policino v. Ehrlich,* 236 Pa.Super. 19, 345 A.2d 224 (1975).

A petition to open a judgment is an appeal to the court's equitable powers and is a matter for judicial discretion. *McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 305 A.2d 698 (1973); *Hamborsky v. Magyar Presbyterian Church, supra.* In considering a petition to open a judgment, the court may consider matters dehors the record. *See Matlock v. Lipare,* 243 Pa.Super. 167, 170–71, 364 A.2d 503, 504 (1976). Ordinarily, a petition to open a judgment will not be granted unless three factors coalesce: "(1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense." *McCoy v. Public Acceptance Corp., supra* 451 Pa. at 498, 305 A.2d at 700; *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A.2d 128 (1971); *Liquid Carbonic Corp. v. Cooper & Reese, Inc., supra; Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 403 A.2d 577 (1979); *Queen City Electrical Supply Co., Inc. v. Soltis Elec. Co., Inc.,* 258 Pa.Super. 305, 392 A.2d 806 (1978); *Day v. Wilkie Buick Co.,* 239 Pa.Super. 71, 361 A.2d 823 (1976).

What a pleading or paper is, procedurally and/or substantively, is to be determined not from the label placed thereon

by the party, but from the content thereof. The City's motion to open the judgment consists of six (6) paragraphs, as follows:

1. On February 17, 1989 the prothonotary entered a default judgment against defendant City of Philadelphia.

2. Pennsylvania Rule of Civil Procedure 237.1 provides that a default judgment cannot be entered unless the praecipe for entry includes a *certification* that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered.

3. Plaintiff did not file a praecipe, certification or send the *City* notice of intention to take default mandated by Rule 237.1.

4. Moreover, defendant was never served and never received a copy of plaintiff's complaint.

5. The prothonotary was therefore without authority to enter the subject default judgment and the judgment was entered in contravention of a valid rule of court.

6. Plaintiff's default judgment is null and void.

R. 47a–48a. (Emphasis in original.)

The essence of the City's motion is that the default judgment is null and void for the reasons that Comyn did not comply with the requisites of Rule 237.1 and that it was never served with a copy of Comyn's civil action complaint.

It admits of no argument that the City's motion is devoid of any allegations of fact which can be construed to raise any of the three (3) elements required to coalesce to raise a claim for opening a default judgment.

The City concedes that its motion is one *only* seeking to strike the judgment as evidenced by its brief in support of its motion, which, in its entirety, is as follows:

I. FACTUAL BACKGROUND

At plaintiff's behest, on February 17, 1989, the prothonotary entered a default judgment against defendant, City of Philadelphia. Pennsylvania Rule of Civil Procedure

237.1 provides in clear and unmistakable terms that a default judgment cannot be entered unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered. In this case, plaintiff did not send a praecipe of judgment to put the City on notice of said intention as is required by Rule 237.1 (Exhibit A) (sic) Defendant City was not even served with a copy of the complaint.

R. 49a

## II. PLAINTIFF'S DEFAULT JUDGMENT MUST BE OPEN BECAUSE THE PROTHONOTARY HAD NO AUTHORITY TO ENTER THE JUDGMENT AND THE JUDGMENT WAS ENTERED IN VIOLATION OF A VALID RULE OF COURT

When a fatal defect in a judgment appears on the face of the record, a petition to open a judgment must be granted. *Linett v. Linett,* 434 Pa. 441, 254 A.2d 7 (1969); *In re McCauley's Estate,* 478 Pa. 83, 385 A.2d 1324 (1978). In this regard, it is generally recognized that a judgment entered without authority should be stricken. 7 *Standard Pennsylvania Practice,* Ch. 30, Sec. 168, p. 197. Furthermore, a judgment entered in violation of the applicable rules of civil procedure should also be stricken. *Dick v. Keiser,* 76 Montg.Co.L.R. 53 (1958); 7 *Standard Pennsylvania Practice,* Ch. 30, Sec. 173, p. 202.[6]

In the insstant (sic) case, the record reveals that plaintiff did not follow the requirements of Rule 237.1. Plaintiff failed to file a praecipe for a default judgment or to put the defendant on notice of his intention to take a

6. The City's citation of *Linett* and *McCauley's Estate, supra,* for the rule of law—"When a fatal defect in a judgment appears on the face of the record, a petition to open a judgment must be granted" is wrong; such statement does not appear in either case.

In the same paragraph, the City cites "7 Standard Pennsylvania Practice, Sec. 168, p. 197" and "Sec. 173, p. 202" for striking judgments. Standard Pennsylvania Practice was completely revised in 1983 and the subject matter relating to Striking Judgments appears in Vol. 12, Chapter 71, sections 71:165–71:227, Standard Pennsylvania Practice 2d. Former Sec. 168, p. 197 is now Sec. 71:178, p. 300 and former Sec. 173, p. 202 is now Sec. 71:182, p. 309.

default. In addition defendant never received a copy of the complaint. Thus, the prothonotary was without authority to enter the judgment and the judgment was entered in contravention of a valid rule of court. Consequently, plaintiff's default judgment must be stricken.

Rule 237.1 provides in clear and unmistakable terms that a default judgment cannot be entered unless the praecipe for entry of default includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered. The applicable portion of Rule 237.1 reads as follows:

> Rule 237.1—Notice of Praecipe for Entry of Default Judgment
>
> (a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a *certification* that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe ...

(emphasis added). *See also* explanatory notes to Rule 237.1 which state that the praecipe for a default *"must* contain a certification that notice was given in accordance with the Rule." (Emphasis added).

Plaintiff never notified the City of his intention to take a default and the only reason defendant City never answered plaintiff's complaint is because there exist no complaint in defendant's file. Accordingly, defendant respectfully request that this Honorable Court grant the instant Motion to Open Plaintiff's Default Judgment. R. 50a–51a

Clearly, the City's asserted grounds set forth in its motion, notwithstanding the label put thereon by it, the absence of allegations of the three (3) required grounds for opening a default judgment, and the content of its brief, constitute its motion as one to strike the judgment and not

one to open. Additionally, the trial court treated the City's motion as one to strike the judgment;[7] the fact that its order read "... that the Petition to Open Default Judgment is denied with prejudice" did not convert the City's motion to one to open the judgment. It was held in *Blank & Gottschall Co., Inc. v. First Nat. Bank of Sunbury*, 355 Pa. 502, 50 A.2d 218 (1947), that an application to strike off a judgment may not be treated as an application to open the judgment where the application does not set forth allegations requisite to a petition to open. *See In re Estate of McCauley*, 478 Pa. 83, 385 A.2d 1324 (1978); *Kophazy*, 279 Pa.Superior Ct. 373, 421 A.2d 246 (1980).

I now address the merits of City's motion to strike the default judgment.

### Timeliness

The cases in which the issue of timeliness of filing the motion to strike a judgment are analyzed at 12 Standard Pennsylvania Practice, Chapter 71, § 71:215 and 71:216 at pp. 362–366 and the rule derived therefrom is that if the irregularity renders the judgment voidable, the application to strike off the judgment must be made within a reasonable time or the irregularity will be held to be waived; however, a void judgment may be stricken at any time, regardless of the length of time that has passed since the entry of a judgment.

The judgment sought to be stricken herein was entered February 17, 1989 and the City's motion to strike was filed

7. The trial court in its opinion found that there was neither any error of record in Comyn entering the default judgment nor in the Sheriff's service. After so finding, the trial court wrote:

This Court finds the City's petition timely filed. However, the City failed to allege a meritorious defense to this matter.

*As no defect appears on the face of this record this Court must deny the City's petition to strike the default.* This Court also finds that the City has failed to allege a reasonable excuse or meritorious defense sufficient to warrant opening this judgment.

Wherefore, the Order of this Court dated September 7, 1989, denying the City's petition to open/strike default judgment is hereby AFFIRMED. (Emphasis added.)

R. 69a–70a

on March 13, 1989. The motion to strike is timely without the necessity of determining whether the default judgment is void or voidable.

In its motion to strike the City raises what it considers two irregularities on the face of the record, (1) failure to comply with Pa.R.C.P. 237.1 prior to the entry of the judgment, and (2) the City was never served and never received a complaint. I address them separately.

### Pa.R.C.P. 237.1 Compliance

Prior to the entry of a default judgment by the prothonotary upon praecipe, Rule 237.1(a) requires that the praecipe "includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom the judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe."

The record supports and the trial court so found that Comyn sent a letter to the City and its attorney on January 23, 1989, which contains a notice of intention to enter a judgment by reason of the City being in default by reason of the City's failure to take action required by the City in the case; also contained in the letter was the required ten (10) days notice. Comyn attached the January 23, 1989 letter to the praecipe to enter judgment for default as Exhibit A. The record demonstrates that contrary to the City's allegation, Comyn did comply with Rule 237.1(a) for the entry of default judgment. The City's contention on this issue is without merit.

### Sheriff's Service

If the City's motion was in law and fact a motion to open the default judgment, the propriety of the sheriff's service herein would not be an issue for the reason that the Supreme Court in *Young v. Mathews Trucking Corporation*, 383 Pa. 464, 119 A.2d 239 (1956) held, "To open a judgment, moving party must first submit himself to the

jurisdiction of the court." This rule has no application to a motion to strike the judgment. *Fleck v. McHugh*, 241 Pa.Superior Ct. 307, 361 A.2d 410 (1976).

To determine the propriety of the service of the complaint, which the City contends is an irregularity on the face of the record, it is necessary to address the present rules relating to service as well as the prior rules.

Prior to 1986, Pa.R.C.P. No. 1009(d) provided for service on political subdivisions as provided in Rule 2104. Rule 2104(c) service was accomplished by (a) handing a copy of the writ or complaint to an agent duly authorized by the political subdivision to receive service of process, or (b) to the mayor, the burgess, president, chairman, secretary, or clerk of the tax levying body thereof, and in counties where there is no tax levying body, to the chairman or clerk of the board of county commissioners.

Effective January 1, 1986, Rule 422(b) was adopted and 2104 was rescinded. Rule 422(b) which was effective at the time of the complaint filed herein, added another method to accomplish service on a political subdivision as subparagraph (2) in addition to the two (2) methods in 2104(c). Subparagraph (2) of (b) of Rule 422 provides that service on a political subdivision can be made by handing a copy of the original process to:

(2) the person in charge at the office of the defendant.

Rule 1013, which was rescinded when Rule 405 was adopted effective January 1, 1986, provided that the sheriff was to make a return of service (1) upon making service and (2) the return of service was to set forth "the day, hour and place of service, *the name of the person* to whom a copy of the writ or complaint was handed." (Emphasis added). Rule 405(b) requires that "the return of service shall set forth the date, time, place and manner of service, *the identity of the person served."* (Emphasis added).

Significantly, Rule 405(b) eliminated the necessity for the sheriff obtaining and setting forth the name of the person to whom the complaint was handed; the sheriff need only

identify the person. "Identity" of the person, although it may be by name, can be by any other manner whereby that person served can be established, such as sex, physical characteristics, title, job position, work place or station in the work place, or a combination thereof, etc.

The only allegation relating to service of the complaint in the City's motion to strike is in paragraph 4, which is as follows: .

4. Moreover, defendant was never served and never received a copy of plaintiff's complaint.

To attempt to establish the paragraph 4 allegation, the City, on August 7, 1989, took the deposition of James McCormick (Sheriff), the deputy sheriff who delivered the complaint to the City's solicitor's office, and Brenda Benson (Benson) who, on November 22, 1988, was the claims coordinator in the City's law department, one of her duties being, "I accept all complaints filed against the City of Philadelphia." (R. 37a) Benson further testified as follows:

Direct examination by Mr. Williams, Assistant City Solicitor

Q Ma'am in that roll were you ever given a copy of service in a case of Francis (sic) Comyn versus Southeastern Pennsylvania Transportation Authority and the City of Philadelphia?

A No, I wasn't.

R. 38a.

Cross-examination by Mr. Krantz, counsel for Comyn:

Q Did you personally ever receive service through this particular complaint?

A No I haven't.

Q Do you know whether anyone else from the City of Philadelphia Law Department accepted service on behalf of the City for this complaint?

A No, I don't.

R. 42a

The Sheriff gave the following testimony at deposition. Direct Examination by Mr. Williams, Assistant City Solicitor

Q  Sir, in your role of serving civil process, have you received any specific training?

A  Yes, I received four weeks of training at Dickinson University Law School, and part of that training consisted of, I believe, 80 some hours of civil procedures.

Q  And when was that, sir?

A  That was in August of '88.

R. 19a

Q  So when you say you took it to the City of Philadelphia, sir, where did you take it?

A  I took it to the address which was on the writ which I believe was 1101 Market, 9th floor.

Q  And that was on what date again?

A  That was on the 22nd of November.

MR. KRANTZ: What year?

THE WITNESS: 1988.

By Mr. Williams:

Q  And, sir, did you have occasion, you said you took it to 11th and Market, do you recall what floor you were on?

A  I recall being on the 9th floor because of the address on the writ.

R. 21a–22a

Q  Yes.  Sir, the document that I'm showing you, would you identify this document for the record?

.     .     .     .     .

THE WITNESS: This is a Sheriff's Return of Service.

MR. WILLIAMS: Fine.  I'd ask that this be marked as McCormick 1.

R. 23a

Q  So, this form was never signed by anyone in the City?

A  That's correct, nor would it be.

Q  And again you don't know who you gave that complaint to?

A  I have no recollection at all, other than it was some-
one in the reception area.  I can't recall whether it was
a man or a woman.

R. 24a–25a

Cross-examination by Mr. Krantz, counsel for Comyn

Q  Let me show you McCormick 1.

Looking at McCormick 1, does it show there boxes as to
whether acceptance of service of process of the com-
plaint is marked?

A  Yes, it does.

R. 28a

Q  Now, can you tell me whether or not that is your
handwriting on that amended return service?

A  It is.

Q  And in fact your signature is there?

A  That's correct.

Q  Now, did you check one of the boxes that would
indicate whether or not service for the City of Philadel-
phia was ever made on November 22nd, 1988?

A  Yes, I did.

Q  And what does it say?

A  Agent or person in charge of defendant's office or
usual place of business.

Q  And you check marked that, is that correct?

A.  That's correct.

Q  And in your mind, sir, was service of process made on
the City of Philadelphia on that date?

A  Yes.

Q  And did you send a copy of this return of service to
all parties in this case?

A  Yes, I did.

Q  And that would include the City of Philadelphia you
would send a copy of this return service?

A  No, I wouldn't.  Only the attorney for the plaintiff
and two additional copies, one is the sheriff's, and as
you can—I'm reading this from the bottom here—the
other one is the prothonotary.

Q   Once you get service, once you give it to the person, agent or person in charge of defendant's office or usual place of business, that person, would you give them a copy of the service form?

A   Not the service form, just the copy of the writ itself.

Q   And do you recall doing that on November 22nd, 1988 at the City of Philadelphia?

A   I recall doing it, but I can't recall the person to whom I gave it to other than it was someone in the reception area.

R. 29a–30a

Redirect by Mr. Williams

Q   One question, sir.
On this form you were asked by counsel about this block that you checked, sir.   When you came up and you spoke to the individual, did they identify themselves to you?

A   No, they didn't.

Q   Did they ever identify themselves to you as an agent or person in charge of defendant's office?

A   I can't recall.

Q   So when you checked this form, you just checked that form as a routine, what you routinely do?

A   Exactly, in the event that the person accepts it for the entity.

Q   And at that time you had no knowledge whether that person that you allegedly gave the writ to was in fact an agent or person in charge of defendant's office, did you?

Q   No, I didn't.

R. 30a–31a

Recross by Mr. Krantz

Q   Let me ask you this, sir, the person who you gave it to, they never refused the acceptance of this complaint, did they?

A   No, they did no.

---

**Q** And if they did refuse service of it, would you have marked it on this box here?

**A** If they refused service, and I couldn't locate anyone else to accept service, I certainly would have.

**Q** And in this particular case the person accepted service, am I correct?

**A** That's correct.

**Q** And you did mark that they were an agent or person in charge of defendant's office or place of business, being the City of Philadelphia, correct?

**A** Correct.

R. 31a–32a

In *Colucci v. Imperial*, 414 Pa. 289, 200 A.2d 297 (1964), Imperial never appeared in the action, claiming he had no notice of the suit and the complaint was never served; the Supreme Court said, "It is, however, long established that absent a showing of fraud, a sheriff's return, true and regular on its face, is conclusive as to service of individuals present in Pennsylvania." (Citation omitted). This Court in *City of Philadelphia v. New Sun Ray Drug, Inc.*, 39 Pa.Commonwealth Ct. 111, 115, 394 A.2d 1311, 1313 (1978) said, "The sheriff's return, which is conclusive in the absence of fraud (*Hollinger v. Hollinger*, 416 Pa. 473, 206 A.2d 1 (1965)), establishes that the appellant was personally served with the complaint with notice to plead."

*Hollinger* held:

Our courts have long adhered to the rule that, in the absence of fraud, the return of service of a sheriff, which is full and complete on its face, is conclusive and immune from attack by extrinsic evidence: *Vaughn v. Love*, 324 Pa. 276, 278, 279, 188 A. 299, 107 A.L.R. 1336, and cases therein cited; *Kane v. Travis*, 172 Pa.Super. 220, 222, 92 A.2d 902; *Commonwealth, Dept. of Labor and Industry v. Degillio*, 197 Pa.Super. 568, 571, 180 A.2d 267. Despite the fact that the early history of this rule "is clouded by contradictions", that "all but eight states, of which Pennsylvania is one, have thrown off the old idea that the return of a sheriff must be accepted as verity", that on

occasions the rule has resulted in "exceeding hardship" and that we have "been somewhat inconsistent in our rulings relating to the return and the immutability of a record" (*Vaughn,* supra, 324 Pa. pp. 279, 280, 188 A. p. 301), we have continued adherence to this rule because it has tended to the security of a record. Our experience with this rule has indicated that it is generally salutary and worthy of preservation; from this rule we do not depart....

The rule of conclusiveness of a return of service of process is based upon the presumption that a sheriff, acting in the course of his official duties, acts with propriety and, therefore, when the sheriff in the course of such official duties makes a statement, by way of an official return, such statement is given conclusive effect. However, both logic and common sense restrict the conclusive nature of a sheriff's return *only to facts stated in the return of which the sheriff presumptively has personal knowledge,* such as *when* and *where* the writ was served; when, in his official return, the sheriff states that he served a writ at a certain time and at a certain place, such facts are known to the sheriff personally and should be given conclusive effect. However, the immutability of a return should not extend (a) *to the facts stated in the return of which the sheriff cannot be expected to have personal knowledge and which are based upon information obtained through hearsay or statements made by third persons or (b) to conclusions based upon facts known to the sheriff only through statements made by others....*

In the instant case, there is no dispute that the sheriff served the complaint at the right address at the office of the City solicitor. Service on the City may be made in three ways under Rule 422(b). I confine my discussion to 422(b)(1) and (2)[8]; (b)(1) authorizes service on a agent designated by the City and (b)(2) authorizes service on the person in charge at the office of the City. Anyone of the

8. Method 422(b)(3) is not herein involved.

three listed methods of service may be used since they are listed disjunctively; one method is not and cannot be designated by the political subdivision as the exclusive method for service thereon. The fact that the City authorized one Benson as its agent to receive service of process, did not operate to negate method 422(b)(2) or (b)(3) for valid service on the City.

Benson's deposition testimony is that she was never given a copy of the Comyn complaint; Benson also testified she did not know whether anyone else of the City's Law Department was served. Benson does not claim nor did the City claim or offer any evidence that she was in charge of the City's Law Department office. It was the burden of the City, in challenging the validity of the sheriff's return, to demonstrate that the "person in charge at the office of the defendant" City was not served with the process.

Assuming arguendo, Benson was not served as the authorized agent pursuant to 422(b)(1), that does not preclude service pursuant to 422(b)(2) which the sheriff's return indicates was done. Although the Sheriff testified he doesn't remember who that person was at his deposition ten (10) months after service was made, neither did the City identify "the person in charge at the office" at the time and place of the service made. The City presented no evidence to meet its burden to withstand the conclusiveness of the effect of the sheriff's return. Thus there is no irregularity on the face of the record arising out of the sheriff's return.

### Sufficiency of Comyn's Complaint

In determining an application to strike a judgment entered by default where the default is based upon a failure to appear and/or answer the complaint, the court may strike the complaint for insufficiency of stating a claim. This Court did so in *Department of Environmental Resources v. Allias*, 20 Pa.Commonwealth Ct. 222, 341 A.2d 226 (1976), wherein it wrote:

Allias failed to file an answer to the complaint served on July 24, 1973, and on September 13, 1973, DER filed a

praecipe for entry of a default judgment which was entered that same day. DER, in accord with Rule 1511(b) of the Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix, requested the Court of Common Pleas of Westmoreland County to enter an appropriate final decree. The lower court set a hearing for October 26, 1973, ostensibly to take testimony to assist it in framing a final decree. However, at the hearing the lower court entertained testimony as to the merits of DER's complaint. On December 28, 1973, the lower court filed a decree nisi opening the default judgment sua sponte and dismissing DER's complaint in equity for failure to plead and prove a cause of action under the Water Obstructions Act....

It is well settled that a petition to open a judgment is an appeal to the court's discretion and that this discretion may properly be exercised to grant such a petition if (1) the petition is promptly filed, (2) a defense is shown to exist on the merits, and (3) the default is reasonably explained or excused. *Triolo v. Philadelphia Coca Cola Bottling Co.*, 440 Pa. 164, 270 A.2d 620 (1970). Here Allias did not present a petition but the lower court sua sponte opened judgment. Perhaps the lower court was satisfied that Allias possessed a defense on the merits which justified the opening of the judgment. However, central to the problem is the requirement that a default judgment shall not be opened unless the default is reasonably explained or excused. The record here is totally lacking of any explanation or excuse, reasonable or unreasonable, for the default. This case in its present posture is ruled by *Carney v. Sado*, 450 Pa. 118, 299 A.2d 231 (1973). In *Carney*, a dispute arose between next-door neighbors with respect to an alleged encroachment and channeling of storm water. The dispute, as here, culminated in a complaint in equity seeking injunctive and other relief. The alleged offending party failed to file an answer and a default judgment was entered. Thereafter a final decree was entered and a petition was filed to open the final decree and to allow the alleged offending party

to enter into a defense. Our Supreme Court decided in *Carney,* on record comparable in its lack of explanation of the default to the record here, what is equally applicable in this case, that "[w]e need not, nor do we decide whether a defense on the merits was shown or whether appellants [appellees here] acted with sufficient promptness to satisfy the other two requirements of the rule, since we conclude that there has been no reasonable explanation of the default." 450 Pa. at 122, 299 A.2d at 233.

However, it should be kept in mind that a default judgment does not admit the sufficiency of the pleading in law to sustain a judgment, nor does it admit that the facts as stated constitute a cause of action. *Frankel v. Donehoo,* 306 Pa. 52, 158 A. 570 (1931). Even though a judgment has been entered, as here, if the face of the record shows the same to be baseless, the court should strike it off. *Constable v. Andrews,* 297 Pa. 285, 146 A. 899 (1929). If unauthorized and void, this may be done at any time, since the doctrine of laches is not to be applied under such circumstances. *Romberger v. Romberger,* 290 Pa. 454, 139 A. 159 (1927). In the instant case, the lower court was of the opinion that the provisions of the Water Obstructions Act were not applicable to the Allias property and that consequently DER had failed to plead a cause of action. Accordingly, the lower court should have struck the judgment rather than to have opened the judgment. *See Wilkinsburg Borough v. School District,* 208 [298] Pa. 193, 148 A. 77 (1929).

This Court also addressed the meaning of a "self-sustaining" complaint vis-a-vis the sufficiency of a complaint in *Gorson v. Lackawanna County Bd. of Commissioners,* 77 Pa.Commonwealth Ct. 140, 465 A.2d 703 (1983), in stating:

The meaning of self-sustaining is economically stated in the early and much cited case of *Bank v. Ellis,* 161 Pa. 241, 244, 28 A. 1082 (1894), as: that the complaint "must set forth in clear and concise terms a good cause of action, by which is meant such averments of fact as, if

not controverted, would entitle [the plaintiff] to a verdict for the amount of the claim." Other cases invoking the rule, some decided before and some after the adoption of the Pennsylvania Rules of Civil Procedure relating to assumpsit and trespass in 1947, are: *Downes v. Hodin,* 377 Pa. 208, 104 A.2d 495 (1954) (where the Supreme Court quoted with approval the statement of the rule in *Bank v. Ellis* given above); *Acme Mfg. Co. v. Reed,* 181 Pa. 382, 37 A. 552 (1897); *Roberts v. Gibson,* 214 Pa.Superior Ct. 220, 251 A.2d 799 (1969); *Richey v. Gibboney,* 154 Pa.Superior Ct. 1, 34 A.2d 913 (1943); *Rosser v. Cusani,* 97 Pa.Superior Ct. 255 (1929).

Close examination of Comyn's complaint in its material aspects are merely conclusions of law in violation of Pa. R.C.P. No. 1019(a) which requires that the material facts on which a cause of action is based shall be stated in concise and summary form. One test to determine the sufficiency of plaintiff's claim is whether proof of plaintiff's claim could be made by offering the several paragraphs thereof into evidence. *Bell v. Anderson,* 143 Pa.Superior Ct. 56, 17 A.2d 647 (1941). Such is not the content of Comyn's complaint; as was further said in Bell, "indefinite and merely suggestive allegations were not sufficient averments of fact to sustain a judgment for want of a sufficient affidavit of defense."

Additionally and also compelling is *In re the Upset Sale of Properties,* 522 Pa. 230, 560 A.2d 1388 (1989) in which the Supreme Court held that the defense of governmental immunity is an absolute defense, directly analogous in its holding in workmen's compensation cases and is not waivable, nor is it subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature. The City is entitled to governmental immunity pursuant to 42 Pa.C.S. § 8541,[9] subject

9. Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, *as amended, formerly,* 53 P.S. §§ 5311.101–5311.803, repealed by the Act of October 5, 1980, P.L. 693. The current law regarding governmental immunity is now found in sections 8541 and 8542 of the Judicial Code, 42 Pa.C.S. §§ 8541–8542.

only to the exceptions set forth by the legislature in 42 Pa.C.S. § 8542. Comyn's complaint pleads no facts which brings her claim outside the immunity granted to the City.

Accordingly, Comyn's complaint, an essential part of the record, cannot support a judgment and is an irregularity which requires the striking of the default judgment.