Gregory DIXON, Plaintiff,

v.

PHILADELPHIA HOUSING AUTHORITY, Defendant.

No. Civ.A. 96–7623.

United States District Court, E.D. Pennsylvania.

March 16, 1999.

Gregory Dixon, Philadelphia, PA, pro se.

Frank A. Chernak, Montgomery, McCracken, Walker & Rhoads, Philadelphia, PA, for defendant.

## MEMORANDUM and ORDER

KATZ, Senior District Judge.

*Factual Background*

Plaintiff filed his complaint on November 13, 1996. On March 18, 1997, a return of service was filed stating that the complaint had been served on the defendant, Philadelphia Housing Authority (PHA), on March 13, 1997. There was no entry of appearance by defendant, and on April 25, 1997 plaintiff requested an entry of default and default judgment. The Clerk entered default on that day, and on April 28, 1997 this court entered a default judgment in favor of plaintiff for $50,000. *See* Mot.Ex. A (docket).

Defendant PHA now moves to set aside that entry of default and judgment, arguing that it was not in fact served in 1997 and that the first it learned of the case was when plaintiff's counsel first contacted PHA on January 15, 1999. *See* Mot.Exs. C (affidavit of PHA counsel); G (plaintiff's counsel's January 15, 1999 letter).[1]

*Legal Standards*

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 60(b) in turn permits the court to relieve a party from a final judgment for "any ... reason justifying relief from the operation of the judgment."[2]

■ The Third Circuit has "often emphasized that it does not favor defaults, and that in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits." *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir.1982). According to instructions in *Farnese,* the court should consider the following three factors in deciding whether to set aside the default: whether the plaintiff will be prejudiced, whether the defendant has proffered a meritorious defense in the case itself, and whether culpable conduct of the defendant led to the default. *See id.; see also Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656 (3d Cir.1982) (explaining that these same factors should be considered when vacating a default judgment as well as when setting

1. Plaintiff has not filed a response to this motion. Pursuant to Local Rule of Civil Procedure 7.1(c), the court may thus grant the motion as uncontested.

2. More fully, the rule reads in full as follows: On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. Fed.R.Civ.P. 60(b).

aside an entry of default).[3]

*Factor One: Prejudice to Plaintiff*

 Plaintiff has produced no evidence showing that he would be prejudiced by setting aside the default. "Specifically, plaintiff does not suggest that '[his] ability to pursue the claim has been hindered since the entry of the default judgment' by loss of evidence or otherwise." *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 123 (3d Cir.1983), *quoting Feliciano,* 691 F.2d at 657. The mere fact of delay itself does not weigh against setting aside the default: "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding," *Feliciano,* 691 F.2d at 656–57. This rule seems especially apt in this situation, where the plaintiff waited over twenty months to attempt to collect on the judgment. *See FROF, Inc. v. Harris,* 695 F.Supp. 827, 831 (E.D.Pa.1988) (where the plaintiff had not attempted to collect the judgment as of the time defendant moved to vacate it nine months after entry, "it is difficult to believe that an adjudication on the merits would prejudice the plaintiff").

*Factor Two: Defendant's Defenses*

 PHA has proffered three defenses to the claim: that plaintiff's complaint fails to allege one element of a Title VII case; that plaintiff has failed to exhaust his administrative remedies; and that on the facts of the case, PHA had a legitimate reason for terminating Mr. Dixon. *See* Mot. at 19–25. The court need not speculate as to the ultimate success of any of these defenses; to weigh in favor of setting aside the default, it is enough that they are not "facially unmeritorious."

3. Cases such as *Hritz v. Woma Corp.,* 732 F.2d 1178, 1182 (3d Cir.1984), and *Emcasco Insurance Co. v. Sambrick,* 834 F.2d 71, 73 (3d Cir. 1987), also required that the court consider the effectiveness of alternative, lesser sanctions. Since in this case the default was not imposed as a penalty, this factor is inapplicable.

4. The Civil Cover Sheet filed with the complaint names Regina C. Hertzig as the lawyer for the defendant and lists PHA's address rather than her actual office address with her name. *See* Mot.Ex. D. *Ms. Hertzig is not a lawyer for PHA.*

*See Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir.1987). Thus, this factor also favors granting defendant's motion.

*Factor Three: Defendant's Culpability*

The last factor, the cause of the default, is the most significant factor in this case, weighing heavily in favor of setting aside the default. The default was not due to any culpable conduct on the part of the defendant. *See Jorden v. National Guard Bureau,* 877 F.2d 245, 250 (3d Cir.1989) (to weigh against setting aside a default, the defendant's behavior must go "beyond mere negligence" to "flagrant bad faith" or "contumacious behavior"). Rather, the record shows that PHA was not properly served with the complaint.

 PHA asserts that it has no record of being served with the complaint and that it did not respond only because it was unaware of the complaint altogether. *See* Mot. at 17. In support of these contentions, PHA submits an affidavit from PHA Senior Counsel (who did not hold that position at the time the complaint was alleged to have been served). Counsel explains that PHA has procedures in place to respond to service of process and that there is no record of this complaint and no employee who remembers it. *See* Mot.Ex. C ¶¶ 2, 4, 5. He further says that PHA did not have a copy of the complaint, the entry of default, or the judgment until they were provided by plaintiff's counsel on January 15, 1999. *See id.* ¶¶ 6, 8. The plaintiff's only evidence of service is the return of service itself, which says service was made on March 13, 1997 at 2012 Chestnut Street, Philadelphia, and says, "Service accepted by a duly authorized agent of Defendant." [4] *See* Mot.Ex. B.

Plaintiff's counsel's naming her on the Civil Cover Sheet makes it likely that service of the summons and complaint was "aimed" at the incorrect person altogether. Ms. Hertzig was the lawyer for the plaintiff's union in EEOC proceedings in which the plaintiff charged his union with discrimination. PHA was not a party to those proceedings. Ms. Hertzig submits an affidavit here stating that she has never represented or acted on behalf of PHA in connection with any matter. *See* Mot.Ex. E.

The federal service rule provides that service upon a state (or a state agency such as PHA) shall be effected by serving the chief executive officer or "by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed.R.Civ.P. 4(j)(2). In this case, there is no claim that service was made on the chief executive officer, so the sufficiency of service is tested by compliance with the applicable state rule. The relevant Pennsylvania rule requires that service on an instrumentality of the Commonwealth "shall be made at the office of the defendant and the office of the attorney general by handing a copy to the person in charge thereof." Pa. R.Civ.P. 422(a).

Service on an unidentified person is insufficient to comply with this rule. In *Comyn v. SEPTA*, 141 Pa.Cmwlth. 53, 594 A.2d 857 (1991), the return of service said the sheriff had served an "Agent or person in charge of Defendant's office or usual place of business," *id.* at 861, and the server testified that he had no recollection to whom he handed process, except that it was someone in the reception area on the ninth floor of City Hall whom he assumed was a receptionist. *See id.* at 860. Deciding whether service was properly made under similarly phrased Rule 422(b) (requiring service on "the person in charge at the office of the defendant"), the court held that "since the Deputy Sheriff could not state affirmatively that the person to whom he handed the complaint was a receptionist, or the person in charge, service on the City was not accomplished." *Id.* The court compared the facts to those of *Hopkinson v. Hopkinson*, 323 Pa.Super. 404, 470 A.2d 981 (1984), *overruled on other grounds by Sonder v. Sonder*, 378 Pa.Super. 474, 549 A.2d 155, 169–71 (1988). In *Hopkinson*, the court held that a corporation had been properly served under a "person in charge" provision where the deputy sheriff handed process to a receptionist who was identified by name in the return, because the return of service named her specifically and stated that she represented to the server that she was the person in charge at the time. *See id.* at 986.

In *Grand Entertainment Group., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476 (3d Cir.1993), the Third Circuit examined *Comyn* and *Hopkinson* and from them formulated the rule that a person in charge for purposes of the service rules "must either be an individual with some direct connection to the party to be served or one whom the process server determines to be authorized, on the basis of her representation of authority, *as evidenced by the affidavit of service.*" *Id.* at 486 (emphasis added); *see also Thompson v. Mattleman, Greenberg, Shmerelson, Weinroth & Miller*, No. Civ.A. 93–2290, 1995 WL 321898, at *4–5 (E.D.Pa. May 26, 1995) (holding that because the record was "[l]acking any evidence that the person served had either a direct connection to defendant . . . or made any representation of authority to receive service to plaintiff's servers, I must conclude that plaintiff failed to properly serve these two defendants," even where defendants had actual knowledge).

According to these legal principles, plaintiff's return of service does not adequately demonstrate that PHA was properly served, because it does not name an individual to whom service was made or give any indication that the person claimed to be in charge. Based on that record, the events leading to the entry of default were not caused by any culpable conduct by defendant.

*Conclusion*

After considering the relevant factors, the court concludes that defendant has shown good cause to set aside the entry of default and default judgment. An appropriate Order follows.

### ORDER

**AND NOW,** this 16th day of March, 1999, upon consideration of defendant's Motion to Set Aside the Entry of Default and the Default Judgment, it is hereby **ORDERED** as follows:

(1) that the said motion is **GRANTED** for the reasons explained in the foregoing Memorandum;

(2) that the entry of default is **SET ASIDE** and the default judgment is **VACATED;** and

(3) that the defendant shall answer, move, or otherwise respond to the Complaint within ten days of this Order.