| 158  | 157 |
| e215 | 122 |

## Rice's Case.   Rice's Appeal.

[Marked to be reported.]

*Supervisors—Bond—Township auditors—Act of March 16, 1860.*

Where a supervisor is duly elected, and is ready and willing to give a proper bond, as required by the act of March 16, 1860, P. L. 174, the township auditors cannot refuse to accept the security on the ground that the supervisor owes a debt to the township which he refuses to pay.

In such a case the duties of the auditors are to accept the security offered if sufficient, and, if a balance is due to the township by the supervisor, to proceed to collect the same by legal process.

Argued Oct. 18, 1893.   Appeal, No. 166, Oct. T., 1893, by respondent, Henry B. Rice, supervisor, from order of Q. S. Butler Co., June T., 1893, No. 2, declaring vacant office of supervisor.  Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Petition to declare vacant the office of supervisor.  Before HAZEN, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was declaring vacant office of supervisor.

*W. H. Lusk*, for appellant.—The act of March 16, 1860, P. L. 174, makes it the duty of the township auditors to require the supervisor to give security, and in a case where the auditors did not require the supervisor to give such security, but, on the contrary, when he offered to do so, they declined to take it, and he was in other respects duly qualified, it was held by this court that he was the supervisor of the township both de jure and de facto: Spring Brook Township v. Thomas, 8 Luz. L. Reg. 112.

*Lev. McQuistion*, for appellees, filed no paper-book.

OPINION BY MR. JUSTICE THOMPSON, October 30, 1893:

The act of March 16, 1860, P. L. 174, makes it the duty of the township auditors to require the supervisors of public roads in each township, before entering upon their duties, to give bond, to be approved by them, conditioned for the faithful performance of their duties and for accounting and payment of any balance of money received by them; and, in case of neglect or refusal to pay such balance, to proceed by due course of law to collect the same; and provides that any officer or officers, failing to give the security required by the first section of the act, within one month after his election, then his or their office shall be declared vacant.   Under this act two of the township auditors of Cranberry township filed a petition setting forth that the appellant was elected on February 21, 1893, a supervisor of public roads of that township, and had failed to give the security required of him within thirty days, and prayed that his office be declared vacant and that a suitable person be appointed in his stead.   The appellant filed his answer and averred in it that he appeared before the board of township auditors on March 30, 1893, at its first regular meeting after the election, with a responsible citizen of the township as his surety; that he offered to be sworn and to execute a bond with sufficient surety as such, conditioned according to law, but they refused to administer the oath, or to accept any bond from him upon "the sole ground that they would allow him neither to take the oath of office nor to execute and deliver the bond as required by law, until he had paid an alleged indebtedness of sixteen dollars, which it was claimed by them he was indebted to the township," which indebtedness, however, he then denied and still denies.   Upon this petition a rule was granted, and upon answer, without any testimony, it was made absolute, and the office of road supervisor was declared vacant.

As the answer is to be taken as true, it shows that, while the appellant was ready and willing to give proper security, the auditors, in disregard of their duty to require security, refused to accept it when it was offered, not because it was insufficient, but solely because there was an alleged indebtedness due the

township. This ground for refusal was untenable and unwarranted. If any balance was due by appellant to the township, as supervisor, as the act provides that thirty days after the settlement it shall be the auditors' duty to proceed by due course of law to collect the balance, they were required to collect it by such due course of law. While the course of procedure on the part of the township auditors to collect in this way the disputed claim made by the township may possess the merit of originality, no one will have the temerity to assert that it has the character of a proceeding by due course of law.

The duties of the auditors were plain, viz., to accept the security offered if sufficient, and, if a balance was due the township, to proceed to collect the same by legal process. They failed to perform both, and the decree in this case is reversed, the costs to be paid by the appellees.