# In re Supervisor of Nether Providence Township. Anderson's Appeal.

*Statutes—Construction—" Shall"—Judicial discretion.*

The word "shall" when used by the legislature to a court is usually a grant of authority, and means "may," and even if it is intended to be mandatory it must be subject to the necessary limitation that a proper case has been made out for the exercise of the power.

*Public officers—Supervisor—Failure to file bond—Vacation of office—Act of March 16, 1860.*

The Act of March 16, 1860, P. L. 174, which provides that certain offices shall be declared vacant if the official fails to file a bond within one month

after his election, is not mandatory irrespective of the reasons for the failure to file the bond. The word "shall" in the act means "may."

The court of quarter sessions has no authority to remove a supervisor where the uncontradicted answer of the officer states that within thirty days after the election, he appeared before the auditors, in accordance with the custom for some years past to ascertain the amount of his bond; that he was informed of the required amount, and that at the next meeting, a few days after the expiration of the month from the election, he filed with the auditors a bond in the required amount with two citizens whom he averred to be ample sureties; that he was informed that the auditors would keep the bond and consider it; that a few days afterwards he was informed that the auditors desired a bond with a trust company as surety; that not receiving further notice as to the time of meeting, as he was led to expect, he prepared and filed shortly afterwards a bond with a trust company as surety; and that this bond was and still is in the possession of the auditors.

Argued Feb. 5, 1906. Appeal No. 233, Jan. T. 1905, by Samuel E. Anderson, from order of Q. S. Delaware Co., vacating office of supervisor In re Petition of Removal of Supervisor of Nether Providence Township. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Reversed.

Petition for removal of Samuel E. Anderson, Supervisor of Nether Providence Township.

The petition averred that the respondent had not filed his bond within one month after his election as required by the Act of March 16, 1860, P. L. 174.

Anderson filed an answer the substance of which appears in the opinion of the Supreme Court.

The court in an opinion by JOHNSON, P. J., held that the second section of the act of March 16, 1860, was mandatory in its terms, and that the court was bound to grant the prayer of the petition.

*Error assigned* was the order of removal.

*A. B. Geary*, for appellant.—The filing of the bond and the acceptance and holding of it by the auditor made the appellant supervisor de jure and the act of 1860 is not mandatory: Stephens v. Potter, 4 W. N. C. 375; Rice's App., 158 Pa. 157; Com. v. Slifer, 25 Pa. 23; Shartzer v. School District, 90 Pa. 192; Com. v. McCarter, 98 Pa. 607; Com. v. Reno, 25 Pa. C. C. Rep. 442; Gearhart v. Dixon, 1 Pa. 224; Walker v.

Edmonds, 197 Pa. 645; Cowan's Estate, 184 Pa. 339; Becker v. Street Railway Co., 188 Pa. 484; State v. Ruff, 4 Wash. 234 (29 Pac. Repr. 999); Smith v. Cronkhite, 8 Ind. 134; Albaugh v. Titsworth, 145 Ind. 356 (44 N. E. Repr. 355); City of Chicago v. Gage, 95 Ill. 593.

No paper-book nor appearance for appellee.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 7, 1906:

Appellant was elected a supervisor of the township of Nether Providence on February 21, 1905. On May 4, 1905, a petition of citizens was filed in the quarter sessions and subsequently on rule to show cause, etc., the court declared the office vacant for failure to enter security as required by law.

The Act of March 16, 1860, P. L. 174, provides in section 2 that "any officer or officers failing to give the security required by the first section of this act within one month after his election, then his or their offices shall be declared vacant, and the court of quarter sessions shall appoint one or more who shall hold his or their office till the next election." The learned judge below held this section to be mandatory without regard to the reasons for the failure of compliance. This construction raises the only question in the case.

Section 1 of the act provides that "it shall be the duty of the township auditors and borough councils to require . . . . supervisors of the roads in each township and borough . . . . before entering upon their duties to give bond, with security, to be approved by the auditors or borough councils, in a sum not less than double the probable amount of the tax which may come into the hands of said officers," with a proviso that each officer may give security individually, and have only a several liability for his own acts.

It was held in Stephens v. Potter, 4 Weekly Notes of Cases, 375, that the omission of a supervisor to give bond does not ipso facto oust him from office, at the end of thirty days. "It required" said this court, per curiam, "judicial action to declare the office vacant. The duty is cast in the first instance upon the township authorities to require the bond to be given." And this requirement it is to be further observed is not an immaterial formality, for the bond and security are

to be approved by the auditors or borough councils, in a sum not less than double the probable amount of the tax which may come into the hands of the said officers. Such " probable amount " is an estimate at best and the duty and power to make such estimate, at least in the first instance rest upon the town-ship authorities. Until they have fixed the sum the new officer cannot reasonably be charged with knowledge of the required amount of his bond.

In Rice's Appeal, 158 Pa. 157, a supervisor was ousted and his office declared vacant for failure to give bond within thirty days from his election. It appeared that no meeting of the township auditors had been held until more than thirty days after the election, but that at the first meeting the appellant had appeared and offered his security, but the auditors had refused to accept it on the ground that he was indebted to the township in a small sum, which, however, he disputed. This court said the conduct of the auditors was unwarranted, and reversed the judgment of ouster.

These cases settle the point that notwithstanding the use of the imperative " shall," the second section is not mandatory in the sense of barring the court from the use of judicial discretion in determining whether the command of the statute has really been disobeyed. " The word ' shall,' when used by the legislature to a court is usually a grant of authority, and means ' may,' and even if it is intended to be mandatory it must be subject to the necessary limitation that a proper case has been made out for the exercise of the power : " Becker v. Lebanon, etc., St. Ry. Co., 188 Pa. 484. " Where the words are affirmative and relate to the manner in which power or jurisdiction vested in a public officer or body is to be exercised, and not to the limits of the power or jurisdiction itself they will in general be so construed " (as directory): SHARSWOOD, J., Pittsburg v. Coursin, 74 Pa. 400, citing Bladen v. Philadelphia, 60 Pa. 464.

The intent of the present act is not to defeat the will of the electors by ousting newly elected officers, nor to make an opportunity for the other officials of the township to do so, but to secure the proper safeguards of the public funds before the new officials begin to handle them. In that interest it is important also that the interval should be brief between the

termination of the security under the old officers and the attaching of the security under the new. What the statute intends to provide against is not a temporary omission, irrespective of all circumstances, to enter the prescribed security, but a default on the part of the officer, an omission not legally excused.

The act itself contemplates that the officer may not be to blame, for though the loss of the office may, in the public interest, be the inexorable penalty, yet section three provides that "any officer failing to give the security required shall not be liable for the penalty imposed by existing laws upon township and borough officers refusing to serve, provided that the auditors and borough councils shall be satisfied that such security could not be obtained." The penalty referred to is under the Act of April 15, 1834, sec. 85, P. L. 537, under which any person appointed or elected to any township office except constable and neglecting or refusing to serve should forfeit the sum of $20.00—a reminder of the far away days when public office was regarded as a private burden, e. g., the minutes of the council of Philadelphia for October 3, 1704 record that "Alderman Griffith Jones is elected Mayor, of which he accepted, and moved that the £20 fine laid upon him for refusing to accept of the Mayoralty the last year, may be remitted to him, and it is granted," and on October 1, 1706 "Alderman Story refusing to accept of the office of Mayor, therefore he is fined by this common council, the sum of twenty pounds." 1 Watson's Annals 58–59.

The appellant in the present case in his answer to the rule to show cause, etc., stated that within thirty days after the election, he appeared before the auditors, in accordance with the custom for some years past, to ascertain the amount of his bond; that he was informed of the required amount, and at the next meeting, a few days after the expiration of a month from the election, he filed with the auditors a bond in the required amount with two citizens whom he averred to be ample sureties; that he was informed that the auditors would keep the bond and consider it; that on the following Saturday he was informed that the auditors desired a bond with a trust company as surety; that not receiving further notice as to the time of meeting as he was led to expect, he prepared and filed on April 20 a bond with the Cambridge Trust Company as surety; and that this

bond was and still is in possession of the auditors, but notwithstanding that the petition and order of vacation of his office were subsequently filed and allowed to proceed. These facts were not denied and they show that the failure to comply with the directions of the statute was not the fault of the appellant but of the auditors.

The judgment is reversed and the petition directed to be dismissed with costs.