# Commonwealth, ex rel., v. Schrotnick, Appellant.

*Corrupt Practices Act of March 5, 1906, P. L. 78—Filing account—Time limit—Penalty—Forfeiture of office—Borough councils—Declaration of vacancy.*

1. The provisions of the Act of March 5, 1906, P. L. 78, relating to the time for filing a sworn statement of election expenses is directory and was not intended to work a forfeiture of office for failure to file within a reasonable time.

2. Where a borough councilman failed to file a sworn statement of his election expenses within the time fixed by the act, because of his erroneous belief that such statement need not be filed when his expenses were less than $50, but so soon as he learned his error proceeded with due diligence to file the same, he did not forfeit his office, and after filing his account was entitled to take his seat.

3. In such case no power existed in the borough council to declare a vacancy and to appoint a person to fill it.

Argued February 25, 1913. Appeal, No. 237, Jan. T., 1912, by defendant, from order of C. P. Lackawanna Co., March T., 1912, No. 520, directing judgment of ouster in case of Commonwealth, ex relatione Shendor Kovacs, v. Mike Schrotnick. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Quo warranto to try title of office. Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.

*Error assigned* was the judgment of ouster.

*M. J. Martin* and *C. A. O'Malley*, of *Warren, Knapp & O'Malley*, with them *O'Brien & Kelly*, for appellant.— The provision of the Act of 1906, requiring the election expense account to be filed in thirty days after election is mandatory: State v. Perkins, 139 Mo. 106 (40 S. W. Repr. 650); Ryan v. State Bank, 10 Neb. 524 (7 N. W. Repr. 276); Bechtel's Election, 39 Pa. Superior Ct. 292; Com. v. Shaleen, 215 Pa. 595; Stull v. Reber, 215 Pa. 156; Likins's Petition, 223 Pa. 456; Umbel's Election, 231 Pa. 94.

The council had the right to pass upon the qualifications of Kovacs to the office in the first instance: Com. v. St. Patrick Benevolent Society, 2 Binn. 441; Com. v. Guardians of the Poor of Philadelphia, 6 S. & R. 469; Evans v. Philadelphia Club, 50 Pa. 107; Com. v. Penna. Beneficial Inst., 2 S. & R. 141.

*A. A. Vosburg*, with him *John R. Edwards* and *A. S. Prokopovitsh*, for appellee.—In every case which has been decided under the Act of 1906, so far as we have any knowledge, the provisions of the act with reference to filing an expense account have been held to be directory and not mandatory: Com. v. Vernon, 33 Pa. C. C. R. 481; Anderson's App., 215 Pa. 119; Rice's App., 158 Pa. 157; Stephens v. Potter, 4 W. N. C. 375.

OPINION BY MR. JUSTICE ELKIN, March 17, 1913:

Kovacs was elected councilman of the Borough of Throop at the November election in 1911. He did not file a statement of his election expenses within thirty days, as required by the Act of March 5, 1906, P. L. 78. The borough council met for the purpose of organization on January 1, 1912, at which time Kovacs presented his certificate of election and asked to be qualified as a councilman. Because he had not filed a sworn statement of his election expenses in the clerk's office, council refused to recognize him as a member; held that he was disqualified; declared a vacancy in the office, and

proceeded to fill the vacancy by the appointment of respondent. From the findings of the learned court below it appears that the failure of relator to file a sworn statement of his election expenses was due to his erroneous belief that no such statement need be filed when the expenses were less than fifty dollars. When he learned at the meeting of council on the first day of January that he could not take the oath of office until he complied with the law by filing his election expense account, he proceeded with due diligence to file the same. On January second, the day following, he filed with the clerk in due form his certificate under oath that his receipts and disbursements amounted to less than fifty dollars. The next meeting of council was held two days later, when he again appeared and again tendered his certificate of election and oath of office with the demand that he be seated. Council still refused to recognize his credentials and insisted that his default at the first meeting worked a forfeiture of his office, thus creating a vacancy, to which respondent had been appointed. Respondent refused to vacate and this proceeding was instituted to oust him. The case turns upon the power of council to declare a vacancy and to appoint a person to fill it under the circumstances. If there was no vacancy clearly it was not within the power of council to fill it by appointment. Again, if relator was duly elected to the office and did nothing to forfeit his right to be seated, it was not within the power of council to arbitrarily declare a vacancy and then proceed to fill it by the appointment of another person. Section 7 of the Act of 1906, P. L. 78, provides: "That it shall be unlawful to administer the oath of office to any person elected to any public office until he has filed an account as required by this act and no such person shall enter upon the duties of his office until he has filed such account, nor shall he receive any salary for any period prior to the filing of the same." While the act directs the sworn statement to be filed within

thirty days from the date of holding the election, it does not provide that failure so to do works a forfeiture of the office. Upon the question of forfeiture the act is silent. The words of the statute above quoted would seem to indicate that the legislature did not contemplate a forfeiture of the office as a penalty for failure to file the sworn statement within thirty days. The act in terms provides its own penalties. No person who has failed to file his account as required by the act "shall enter upon the duties of his office until he has filed such account." Then again, it is provided, "nor shall he receive any salary for any period prior to the filing of the same." These provisions plainly indicate that the legislature did not contemplate a forfeiture of the office because of failure to file the account in time, but that the person thus neglecting to comply with the requirements of the act should not enter upon the duties of his office or draw any salary until he had filed his sworn statement. The prohibition against entering upon the duties of the office, "until he has filed such account" contains a plain inference that he may do so after he has filed his account. This view is further emphasized by the provision relating to salary. Such a person shall not "receive any salary for any period prior to the filing of the same." This language is susceptible of only one meaning, which is, that a person so neglecting to file the sworn statement, does not forfeit the office but can draw no salary until he has complied with the law in this respect.

We agree with the learned court below that the provision of the Act of 1906 relating to the time for filing a sworn statement of election expenses is directory and was not intended to work a forfeiture of the office for failure to comply within a reasonable time. This view is strongly supported by analogy in Rice's App., 158 Pa. 157, and Anderson's App., 215 Pa. 119.

There is another reason which seems to be conclusive as to the right of the respondent to hold the office in

question in this case.   The power of council to declare a vacancy is purely statutory and if the statute does not confer the power, it does not exist.   We are not familiar with any statutory provision, nor has any been called to our attention, giving a borough council the power to declare a vacancy for the reason stated in the motion declaring vacant the office to which Kovacs was elected.   There are statutes giving borough councils the power to fill vacancies under certain circumstances, but this is a very different thing than the declaring of a vacancy for the purpose of filling it by appointment.   In the present case there was no vacancy caused by death, resignation or otherwise within the meaning of the law. We are constrained to hold that the borough council in the present case was without authority to declare a vacancy in the office to which relator was elected.   The regularity of his election certificate has not been questioned, nor is it denied that he received a majority of the votes cast at the election.   He, therefore, represents the will of the majority as expressed at the polls, and we can see no sufficient reason for denying him the right to hold the office to which he was elected.

The learned court below gave the case exhaustive and intelligent consideration, and we think his findings and conclusions are fully justified by the record.   No useful purpose will be served by prolonging the discussion.

Judgment affirmed.