# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania          :
                                      :
            v.                        :
                                      :
Neighbor's First Federal Credit Union :
Check in the Amount of $76,389.27;    :
$1,659.00 US Currency; Ruger          :
Superhawk .44 Magnum, S/N 82-85672; :
Remington 788, S/N 6004206; Intratec  :
Tec 9 W/Magazine, S/N B6404558;       :
Winchester 9422, S/N F380992; Mak-90:
Sporter W/High Capacity Drum          :
Magazine, S/N 9345534 and Flite       :
King 20 Gauge, S/N K-200              :
                                      :  No. 97 C.D. 2015
Appeal of:  Stephen Shifler           :  Submitted:  January 29, 2016


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY
SENIOR JUDGE PELLEGRINI                   FILED:


Stephen Shifler (Shifler) appeals an order of the Court of Common Pleas of the 39th Judicial District of Pennsylvania—Franklin County Branch (trial court) denying his emergency motion to vacate the default judgment entered against him which ordered condemnation and forfeiture of certain property seized from Shifler's residence during the execution of a search warrant pertaining to his alleged unlawful distribution of marijuana. For the reasons that follow, we reverse the trial court's order and remand this matter for further proceedings.

## I.

On January 11, 2013, the Commonwealth executed a search warrant on Shifler's residence during which it seized $1,659.00 in United States currency, seven firearms,[1] and a statement from Neighbor's First Federal Credit Union indicating that Shifler's account had in excess of $70,000.00. Five days later, the Commonwealth seized $76,389.27 from his bank account pursuant to a search warrant.

On March 18, 2013, pursuant to Section 6801(a) of the Controlled Substances Forfeiture Act (Act),[2] the Commonwealth filed a petition for forfeiture and condemnation, containing the following notice:

---

[1] The firearms include the following: a Ruger Superhawk .44 Magnum, S/N 82-85672; Remington 788, S/N 6004206; Intratec Tec 9 W/Magazine, S/N B6404558; Winchester 9422, S/N F380992; Mak-90 Sporter with high capacity drum magazine, S/N 9345534; and Flite King 20 Gauge, S/N K-200.

[2] Section 6801(a) of the Forfeiture Act provides, in pertinent part:

> **(a) Forfeitures generally.--**The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:
>
> * * *
>
> (6) (i) All of the following:
>
> (A) Money, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of The Controlled Substance, Drug, Device and Cosmetic Act, [Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. 780-101–780-144,] and all proceeds traceable to such an exchange.

**(Footnote continued on next page…)**

## NOTICE TO ANSWER PETITION FOR FORFEITURE AND CONDEMNATION

TO THE CLAIMANT OF WITHIN DESCRIBED PROPERTY: YOU ARE REQUIRED TO FILE AN ANSWER TO THIS PETITION, SETTING FORTH YOUR TITLE IN, AND RIGHT TO POSSESSION OF, SAID PROPERTY WITHIN THIRTY (30) DAYS FROM THE SERVICE HEREOF, AND YOU ARE ALSO NOTIFIED THAT, IF YOU FAIL TO FILE SAID ANSWER, A DECREE OF FORFEITURE AND CONDEMNATION WILL BE ENTERED AGAINST SAID PROPERTY.

(Reproduced Record [R.R.] at 22a.)

---

**(continued…)**

(B) Money, negotiable instruments, securities or other things of value used or intended to be used to facilitate any violation of The Controlled Substance, Drug, Device and Cosmetic Act.

\* \* \*

(7) Any firearms, including, but not limited to, rifles, shotguns, pistols, revolvers, machine guns, zip guns or any type of prohibited offensive weapon, as that term is defined in 18 Pa.C.S. (relating to crimes and offenses), which are used or intended for use to facilitate a violation of The Controlled Substance, Drug, Device and Cosmetic Act. Such operable firearms as are found in close proximity to illegally possessed controlled substances shall be rebuttably presumed to be used or intended for use to facilitate a violation of The Controlled Substance, Drug, Device and Cosmetic Act. All weapons forfeited under this section shall be immediately destroyed by the receiving law enforcement agency.

42 Pa. C.S. §6801(a).

3

The petition stated that on December 19, 2012, a confidential informant purchased a quarter pound of marijuana from Laura Hade (Hade) for $800.00 in official funds. Specifically, it averred that Hade drove the confidential informant to Shifler's residence, went into the residence with the informant's money while the informant waited in the vehicle, quickly returned to the vehicle, and handed the informant the marijuana. Additionally, it averred that on January 9, 2013, a confidential informant again purchased a quarter pound of marijuana from Hade in exchange for $800.00 in official funds. The same process ensued and resulted in the delivery of marijuana from Shifler's residence to the confidential informant.

With regard to the bank account proceeds seized, the petition provided the following description:

> 2. The defendant/property, Neighbor's First Federal Credit Union Check in the amount of $76,389.27…was seized by the Commonwealth, pursuant to the "Act."

> 3a. The defendant/property, Neighbor's First Federal Credit Union Check in the amount of $76,389.27, was seized at or about 11:45 AM on or about Wednesday, January 16, 2013.

> * * *

> 4a. The defendant/property, Neighbor's First Federal Credit Union Check in the amount of $76,389.27, was seized at Neighbor's First Federal Credit Union, 127 CV Avenue, Waynesboro, Franklin County, Pennsylvania.

> * * *

4

5.  The owner of the defendant property, Neighbor's First Federal Credit Union Check in the amount of $76,389.27…based upon all information currently available, is Stephen Shifler, 7946 Monn Road, Waynesboro, Franklin County, Pennsylvania.

6.  At the time of seizure, on the date and at the place of seizure, hereinbefore mentioned, the defendant/property, Neighbor's First Federal Credit Union Check in the amount of $76,389.27…was in the possession of Stephen Shifler, 7946 Monn Road, Waynesboro, Franklin County, Pennsylvania.

* * *

7d.  On January 11, 2013, a search warrant was executed at 7946 Monn Road.  Shifler was in the residence at the time the warrant was served, Shifler attempted to exit the residence through a rear bedroom window with a bag of marijuana.  Shifler was stopped by officers and taken into custody.  Seized from his residence were the following items:  two (2) to three (3) pounds of marijuana, a scale, packaging material….  Also seized was a bank statement from Neighbor's First Federal Credit Union indicating Shifler's account had an excess of $70,000.00.

e.  On January 16, 2013, a search warrant was served on Neighbor's First Federal Credit Union for Shifler's accounts with that banking institution.

8.  The defendant/property, $76,389.27…was furnished or intended to be furnished by any person in exchange for a controlled substance, in violation of the Controlled Substance, Drug, Device and Cosmetic Act, or, are proceeds traceable to such an exchange, or were used or intended to be used to facilitate any violation of said Act, or are otherwise subject to forfeiture under the "Act."

(R.R. at 23a–27a.)

On March 20, 2013, the trial court issued a rule to show cause upon Shifler, specifically stating "Failure to Answer this Petition within 30 days of service hereof will result in an Order of Forfeiture being entered against said property, any law or rule of Court to the contrary notwithstanding." (*Id.* at 29a.) The forfeiture petition and the rule to show cause were not served upon Shifler until over a year later—on June 10, 2014—when the Commonwealth personally served him with the rule, with the forfeiture petition attached.

After Shifler failed to respond to the petition, on July 22, 2014, the Commonwealth filed a motion for order of forfeiture attaching an affidavit in which a Senior Deputy Attorney General stated that Shifler was personally served on June 10, 2014.[3] By order filed on July 30, 2014, the trial court ordered that the subject property be forfeited to the Office of the Attorney General.

The next day, on August 1, 2014, Shifler filed an answer to the petition and a counterclaim, denying that the subject property was subject to the Forfeiture Act, asserting that "[t]he alleged illegal activities giving rise to the Commonwealth's forfeiture action at the above-captioned docket are the exact same allegations which gave rise" to another forfeiture action involving Shifler's real property which was previously filed at Docket No. CP-28-MD-152-2013,[4] and claiming that the Commonwealth's delay in bringing the instant action pertaining

---

[3] The motion was served upon Shifler and his counsel.

[4] After Shifler filed an answer and new matter at that docket number, the Commonwealth withdrew its petition.

6

to his personal property violated Section 6802(b) of the Forfeiture Act.[5] (R.R. at 65a–66a.) On August 8, 2014, he filed an emergency motion to set aside order of forfeiture (emergency motion) on the bases that: (1) the order violated Shifler's due process rights because he was denied a hearing and an opportunity to be heard before his property was forfeited; (2) the Commonwealth did not effectuate proper service under the Pennsylvania Rules of Civil Procedure because Shifler was served with process, if at all, more than 30 days after the Commonwealth filed its forfeiture petition; (3) the petition did not properly describe the property it intended to forfeit; and (4) the Commonwealth sought forfeiture in bad faith.

---

[5] Section 6802(b) of the Forfeiture Act pertains to the procedure to follow with respect to seized property and provides:

> **(b) Notice to property owners.--**A copy of the petition required under subsection (a) shall be served personally or by certified mail on the owner or upon the person or persons in possession at the time of the seizure. The copy shall have endorsed a notice, as follows:
>
> To the Claimant of within Described Property: You are required to file an answer to this petition, setting forth your title in, and right to possession of, said property within 30 days from the service hereof, and you are also notified that, if you fail to file said answer, a decree of forfeiture and condemnation will be entered against said property.
>
> The notice shall be signed by the Attorney General, Deputy Attorney General, district attorney, deputy district attorney or assistant district attorney.

42 Pa. C.S. §6802(b).

In response, the Commonwealth submitted a letter dated December 11, 2013, which Senior Deputy Attorney General Stewart sent to Joseph D. Caraciolo, Shifler's counsel, directing counsel's attention to Docket No. CP-28-MD-152-2013 and requesting that he review the proposed stipulation and agreement (stipulation) which was attached. The proposed stipulation identified the seized property which is the subject of this action and the date on which it was seized, acknowledged that the property was subject to the Forfeiture Act, waived Shifler's right to a hearing, and agreed to discontinue the *Lis Pendens* action filed against the real property situated at 7946 Monn Drive, Waynesboro, Pennsylvania, which was the subject of the previously filed action. The proposed stipulation was not returned or further discussed amongst counsel.

Ultimately, the trial court denied Shifler's emergency motion. Treating it as a petition to open a default judgment, the trial court reasoned that although the petition was promptly filed, Shifler offered no reasonable explanation for his failure to respond to the forfeiture petition because the stipulation regarding the case was sent to Shifler and his counsel in December 2013 alerting them to its existence, and Shifler was personally served with the petition on June 10, 2014. Regarding a meritorious defense, the trial court noted:

> [i]n neither his Answer to [the Commonwealth]'s Motion for Order of Forfeiture and Counter-Claim, nor in his Emergency Motion, does Shifler contend that the seizure was unlawful or that the property is not subject to forfeiture under the Act. That is, Shifler does not argue that he is entitled to relief on the merits. Rather, he identifies purported procedural defects in the filings.

8

(11/19/14 Trial Court Opinion, at 3.) Nonetheless, with respect to the alleged procedural defects, the trial court determined that the Pennsylvania Rules of Civil Procedure did not apply to forfeiture actions, the forfeiture petition sufficiently described the seized property, and the Commonwealth did not act in bad faith or otherwise violate Shifler's due process rights.

On the same date that the trial court issued its order, our Supreme Court rendered its decision in *Commonwealth v. All that Certain Lot or Parcel of Land Located at 605 University Drive*, 104 A.3d 411 (Pa. 2014), a case upon which Shifler relied on in his statement of errors complained of on appeal and in the instant appeal. In that case, our Supreme Court held that although the Forfeiture Act provides for a hearing if a property owner asserts a claim that the property cannot be forfeited, 42 Pa. C.S. §6802(i), a hearing was not necessary because the procedure set forth in the Forfeiture Act was supplemented by the Rules of Civil Procedure. In so holding, it stated:

> [T]he Rules [of Civil Procedure] apply to compensate for the procedural gaps in the Forfeiture Act and to facilitate the orderly, fair, and efficient course of proceedings and disposition of the matter. In such circumstances, applying the Rules of Civil Procedure to forfeiture proceedings will provide guidance and regulate practice, supplying a fair and efficient methodology for resolution of any procedural issue that arises and is not addressed by the Forfeiture Act itself.

*605 University Drive*, 104 A.3d at 427.

9

In response, the trial court issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), explaining that even if the Rules of Civil Procedure were applied to Shifler's forfeiture action as per *605 University Drive*, the same outcome resulted. Although the trial court agreed with Shifler that in light of *605 University Drive*, the Commonwealth failed to serve original process of its forfeiture petition within the requisite 30 days under the Pennsylvania Rules of Civil Procedure, it emphasized that it has discretion to overlook late service where no prejudice results and that, in this instance, Shifler failed to allege prejudice. Further, it rejected Shifler's contention that under Pennsylvania Rule of Civil Procedure No. 237.1, the Commonwealth was required to provide Shifler ten days' notice before seeking a default judgment. It so found that 42 Pa. C.S. §6802(b) creates a procedure for default specific to forfeiture actions and does not require the Commonwealth to file any procedural prerequisites before the court is authorized to enter default judgment. In all other respects, the trial court relied on its previously filed opinion.

## II.

On appeal,[6] Shifler contends that the trial court erred in denying his emergency motion based upon numerous procedural deficiencies. At the outset,

---

[6] This appeal was transferred to the Commonwealth Court from the Superior Court by *per curiam* order dated January 28, 2015. We review a decision granting a forfeiture petition to determine "whether the findings of fact made by the trial court are supported by competent evidence and whether the trial court abused its discretion or committed an error of law." *Commonwealth v. Marshall*, 698 A.2d 576, 578 n.2 (Pa. 1997). However, "the decision whether to open a default judgment is left to the sound discretion of the trial court, and absent an error of law or a clear manifest abuse of discretion, the trial court's decision will not be disturbed on appeal." *Comyn v. Southeastern Pennsylvania Transportation Authority*, 594 A.2d 857, 858 (Pa. Cmwlth. 1991).

while the trial court construed Shifler's emergency motion as a motion to open judgment,[7] because it is based on his contention that the petition for forfeiture was improperly filed, his emergency motion should be construed as a motion to strike judgment. That is so because, while the former seeks to reopen the case to allow a defendant to assert a meritorious defense, the latter "is the remedy sought by one who complains of fatal irregularities appearing on the face of the record." *Cameron v. Great Atlantic & Pacific Tea Co.*, 266 A.2d 715, 717 (Pa. 1970). Because Shifler's complaints attack the Commonwealth's failure to adhere to various procedural rules and do not challenge the merits of the judgment, the motion is properly construed as a motion to strike judgment.

"The law in the Commonwealth is quite clear that a rule to strike a judgment can be made absolute only for a defect appearing on the face of the record." *Linett v. Linett*, 254 A.2d 7, 10 (Pa. 1969) (internal quotation marks and citation omitted). As such, this Court's review is constrained to the contents of the record at the time judgment was entered. *Id.*

## A.

First, Shifler contends that the trial court erred in denying its emergency motion because the Commonwealth violated Pennsylvania Rule of Civil Procedure 401(a) in failing to serve its petition upon Shifler within 30 days of

---

[7] "It is a well-established rule that in order to grant a petition to open a default judgment, the following three criteria must be met: (1) the petition to open must be promptly filed; (2) there must be a reasonable excuse for failure to respond; and (3) a meritorious defense must be shown." *Comyn*, 594 A.2d at 858.

its filing and Rule 401(b) in failing to reinstate its petition after the 30 days expired. Shifler asserts that under *605 University Drive*, these Rules of Civil Procedure (Rules) apply because the Forfeiture Act is not specific regarding the timeline for service of original process.

In this respect, Section 6802(b) of the Forfeiture Act provides as follows:

> **(b) Notice to property owners.--**A copy of the petition required under subsection (a) shall be served personally or by certified mail on the owner or upon the person or persons in possession at the time of the seizure. The copy shall have endorsed a notice, as follows:
>
> To the Claimant of within Described Property: You are required to file an answer to this petition, setting forth your title in, and right to possession of, said property within 30 days from the service hereof, and you are also notified that, if you fail to file said answer, a decree of forfeiture and condemnation will be entered against said property.
>
> The notice shall be signed by the Attorney General, Deputy Attorney General, district attorney, deputy district attorney or assistant district attorney.

42 Pa. C.S. §6802(b).

With regard to original service of process, Pennsylvania Rule of Civil Procedure 401(a) requires that process "be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint." Pa. R.C.P. No. 401(a). In the event that process is not served within 30 days, "the

prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint." Pa. R.C.P. No. 401(b).

Because the Forfeiture Act makes clear that personal service or service by certified mail is required but leaves open the timeframe in which service must occur, we find that a "procedural gap" exists in the Forfeiture Act with respect to which we must rely on the Rules to "regulate practice" and "supply[ ] a fair and efficient methodology for resolution." *605 University Drive*, 104 A.3d at 426–27. Indeed, Rule 401(a) does not conflict with Section 6802(b) of the Forfeiture Act, but merely provides the necessary detail absent in the latter provision.

Although judgment will not be stricken for *de minimis* errors or what amounts to merely technical violations of the Rules, *see Malakoff v. Zambar, Inc.*, 288 A.2d 819, 822 (Pa. 1972) (affirming the denial of a motion to strike default judgment where the procedural deficiency was only opposing counsel's failure to endorse a notice to plead), the errors alleged in this case are significant. After filing its forfeiture petition in March 2013 and obtaining a rule to show cause in the same month, the Commonwealth took no further action with respect to its case until June 2014, nearly 15 months later. Although a suit is not dead merely because original process has not been served upon a defendant within 30 days, reinstatement is required and did not occur here.

**B.**

Next, Shifler argues that the trial court erred in denying his emergency motion because the Commonwealth did not provide him ten days' notice of its intent to seek default judgment as required by Pennsylvania Rule of Civil Procedure 237.1(a)(2), providing:

> (2) No judgment of non pros for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered
>
> * * *
>
> (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

Pa. R.C.P. No. 237.1(a)(2).

The Forfeiture Act, however, does not specifically provide that a defendant property owner be provided further notice in advance of seeking default judgment. Rather, at the outset, property owners must be notified:

> To the Claimant of within Described Property: You are required to file an answer to this petition, setting forth your title in, and right to possession of, said property within 30 days from the service hereof, and you are also notified that, **if you fail to file said answer, a decree of forfeiture and condemnation will be entered against said property.**

14

Section 6802(b) of the Forfeiture Act, 42 Pa. C.S. §6802(b) (emphasis added).

The Forfeiture Act further states that after a defendant property owner receives a petition from the Commonwealth, the forfeiture proceeding will be deemed "contested" only upon the owner's "filing of a claim for the property setting forth a right of possession." Section 6802(i) of the Forfeiture Act, 42 Pa. C.S. §6802(i). An owner's answer also triggers the court's need to schedule a hearing, except when there are no disputed questions of fact involved, making a hearing unnecessary if either party files a motion for summary judgment pursuant to the Rules. *Id.* ("[T]he case shall be deemed at issue and a time shall be fixed for the hearing.").

Shifler contends that Rule 237.1(a)(2) does not contradict Section 6802(b) of the Forfeiture Act but acts to supplement the Forfeiture Act by giving the same notice that all other civil litigants receive before a default judgment is taken against a defendant. Again, he argues that "applying the Rules of Civil Procedure to forfeiture proceedings will provide guidance and regulate practice, supplying a fair and efficient methodology for resolution of any procedural issue that arises and is not addressed by the Forfeiture Act itself." *605 University Drive*, 104 A.3d at 427.

In this case, Shifler was not granted a hearing because he did not respond to the Commonwealth's petition, thereby rendering his case "uncontested" for purposes of the Forfeiture Act. Moreover, he was not provided ten days' notice

that the Commonwealth sought default against him.[8]  In this regard, we find that the Pennsylvania Rules of Civil Procedure do apply to default judgments sought under the Forfeiture Act, as the Forfeiture Act provides for the entry of a decree of forfeiture but does not specify the procedure for entering the decree.

The Commonwealth disagrees, directing our attention to Section 6802(b)'s "mandatory" directive that if a property owner fails to respond to a petition within 30 days and thereby renders that petition "contested," default judgment "**will be entered against said property**."  Section 6802(b) of the Forfeiture Act, 42 Pa. C.S. §6802(b) (emphasis added).  It points out that the Rules of Civil Procedure differ in this respect, providing for a notice to defend, stating as follows:

> You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case **may** proceed without you and a judgment **may** be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.
>
> YOU SHOULD TAKE THIS PAPER TO YOUR

---

[8] This is not to suggest that Shifler was unaware that the Commonwealth sought default judgment.  The certificate of service on the Commonwealth's motion for default judgment indicates that the same was served upon Shifler and his counsel, and they have not claimed otherwise.

LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Pa. R.C.P. No. 1018.1(b) (emphasis added).

The Commonwealth reasons then that because the Forfeiture Act contains a mandatory provision regarding default and the Rules of Civil Procedure provide a permissive rule, and that conflict exists with regard to the specific procedure to apply, thereby taking defaults in forfeiture proceedings outside the ambit of the Rules. *See 605 University Drive*, 104 A.3d at 428. ("[T]he civil nature of the proceeding brings forfeiture squarely within the ambit of the Rules when there is no conflict with the specific procedure of the Forfeiture Act, notwithstanding the technical differences between a complaint and petition."). We disagree.

First, our Supreme Court, in *605 University Drive*, found that a hearing was not *required* by Section 6802(i) of the Forfeiture Act where a property owner fails to file a claim setting forth his right to possession because the Rules of Civil Procedure apply to forfeiture proceedings unless the application frustrates the Forfeiture Act's statutory scheme. *See* 42 Pa. C.S. §6802(i). ("Upon the filing of a claim for the property setting forth a right of possession, the case shall be deemed

17

at issue and a time shall be fixed for a hearing."). Providing the due process protections set forth regarding all other civil litigation does not interfere with that scheme.

Second, Section 6802(b) of the Forfeiture Act does not contain a mandatory provision that renders it contrary to Rule 1018.1(b) as the Commonwealth contends. In *In re Supervisor of Nether Providence Township*, the provision at issue read, "any officer or officers failing to give the security required by the first section of this act within one month after his election, then his or their offices shall be declared vacant, and the court of quarter sessions shall appoint one or more who shall hold his or their office till the next election." 64 A. 443, 444 (Pa. 1906). That statute was previously interpreted by our Supreme Court to require judicial action to declare the office vacant after 30 days as opposed to the failure to file a bond *ipso facto* ousting one from office. In *In re Supervisor of Nether Providence Township*, a supervisor failed to provide the required security within 30 days, and citizens filed a petition claiming that the court was required to remove him as per the mandatory language of the provision.

Our Supreme Court disagreed, explaining that it is a settled point that:

> notwithstanding the use of [an] imperative…[t]he word "shall," when used by the Legislature to a court, is usually a grant of authority, and means "may," and even if it is intended to be mandatory it must be subject to the necessary limitation that a proper case has been made out for the exercise of the power….. Where the words are affirmative and relate to the manner in which power or jurisdiction vested in a public officer or body is to be exercised, and not to the limits of the power or

18

jurisdiction itself they will, in general, be so construed (as directory).

*Id.* (internal citations omitted); *see also In re Nomination Papers of American Labor Party*, 44 A.2d 48, 50 (Pa. 1945) ("Clearly the legislature intended all provisions of Section 977 [of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2937,] to be mandatory. It could not, however, constitutionally impose upon the courts mandatory duties pertaining to the exercise of the judicial function…. As applied to all others, the provisions are mandatory."); *Tyler v. King*, 496 A.2d 16, 20 (Pa. Super. 1985) ("[W]here a statute's mandatory language pertains to the action of a court, it is usually a grant of authority…. The statute at issue here clearly concerns the power of the court, by presuming to oblige the court to call specified witnesses. It therefore can be construed on this basis alone as merely granting the court the authority to do so.").

Here, Section 6802(b) of the Forfeiture Act does not implicate the trial court's jurisdiction; rather, it only authorizes it to carry out discretionary acts—in this instance, to grant default judgment where appropriate. Because Rule 1018.1(b) fills the gap of Section 6802(b) regarding the procedure to be followed in seeking default judgments in forfeiture proceedings, and because the two provisions may be construed together without contradiction, we find that Rule 1018.1(b) applies in this context as per the Supreme Court's ruling in *605 University Drive*.

Further, where notice of a party's intent to seek default is not made clear in a separate writing, it is appropriate to strike the default judgment. *See A.B.*

19

*& F. Contracting Corporation v. Matthews Coal Co.*, 166 A.2d 317, 321 (Pa. Super. 1960) (affirming an order striking a default judgment where the affidavit of default accompanying the confession of judgment did not allege that the defendant has been provided ten days' notice as agreed by the parties).[9]  Therefore, we find the Commonwealth's violation of Rule 237.1(a)(2)(ii) an independent ground necessitating that the trial court's order denying the emergency motion to strike off judgment be reversed.[10]

Accordingly, because the record reveals fatal procedural deficiencies in the form of the Commonwealth's failure to comply with Rule 401(a) and (b) and Rule 237.1(a)(2)(ii), the trial court's order entering default judgment against Shifler is stricken, and this matter is remanded for further proceedings consistent with this opinion.

DAN PELLEGRINI, Senior Judge

Judge Brobson dissents to Part II. B only.

---

[9] In *A.B. & F. Contracting Corporation*, the ten-day notice requirement derived from an agreement of the parties rather than from a Rule, as Rule 237.1(a)(2)(ii) was not adopted until 1979.  Regardless, the effect is the same:  a party was deprived of the procedural notice to which it was entitled.

[10] Because we reverse the trial court's denial of Shifler's emergency motion to strike judgment and remand the matter to the trial court, we need not address Shifler's argument that the proceeds of his bank account should not have been forfeited because they were not properly identified in the Commonwealth's petition insofar as it failed to reference a check number, intended recipient, date of check, or account number from which the check was drawn or into which it was deposited.

20

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : 
                                     : 
                 v.                    : 
                                     : 
Neighbor's First Federal Credit Union : 
Check in the Amount of $76,389.27; : 
$1,659.00 US Currency; Ruger : 
Superhawk .44 Magnum, S/N 82-85672; : 
Remington 788, S/N 6004206; Intratec : 
Tec 9 W/Magazine, S/N B6404558; : 
Winchester 9422, S/N F380992; Mak-90 : 
Sporter W/High Capacity Drum : 
Magazine, S/N 9345534 and Flite : 
King 20 Gauge, S/N K-200 : 
                                     : 
Appeal of: Stephen Shifler        :     No. 97 C.D. 2015

## O R D E R

AND NOW, this 26th day of February, 2016, the order of the Court of Common Pleas of the 39th Judicial District of Pennsylvania—Franklin County Branch denying Stephen Shifler's emergency motion to strike judgment in the above-referenced matter is hereby reversed, and this matter is remanded for further proceedings consistent with the foregoing opinion.

       Jurisdiction relinquished.

 

_____
DAN PELLEGRINI, Senior Judge