# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamaris A. Carter,             :
                   Appellant   :
                              :
         v.               :   No. 1174 C.D. 2016
                              :   Submitted: February 10, 2017
Cornerstone Construction Services  :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                      **FILED: June 6, 2017**

Jamaris A. Carter (Appellant) appeals from an order of the Court of Common Pleas of Lackawanna County (trial court), which granted Cornerstone Construction Services' (Cornerstone) motion to strike a judgment entered against Cornerstone in favor of Appellant. For the reasons set forth below, we quash Appellant's appeal.

On April 5, 2016, Appellant filed in the trial court a civil complaint, which included four counts against Cornerstone. Count I alleged racial discrimination; Count II alleged racial discrimination under the Pennsylvania Human Relations Act (PHRA);[1] Count III alleged wrongful termination in the form of retaliatory termination; and Count IV alleged negligent supervision.

---

[1] Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951-963.

On April 6, 2016, the Lackawanna County Sheriff (Sheriff) served the complaint on Cornerstone. On April 7, 2016, the Sheriff filed a "Sheriff's Return–Regular" with the Lackawanna County Clerk of Judicial Records (Clerk). Cornerstone did not file a responsive pleading to the complaint. Appellant filed a praecipe for entry of default judgment on May 6, 2016. That same day, the Clerk entered a default judgment in favor of Appellant and against Cornerstone.

On May 16, 2016, Cornerstone filed in the trial court a "motion to strike judgment or, in the alternative, open judgment" (Motion). (Reproduced Record (R.R.) at 22.) The trial court issued a rule to show cause why the May 6, 2016 judgment should not be stricken or opened. Appellant filed an answer to the rule to show cause on June 6, 2016, and the parties participated in an oral argument on the Motion on June 15, 2016. By order dated June 15, 2016, the trial court concluded "that the failure of [Appellant] to comply with the [PHRA]," created a defect on the face of the record and, accordingly, granted Cornerstone's motion to strike the May 6, 2016 judgment.[2] (R.R. at 39.) The trial court did not grant Cornerstone's Motion to the extent it requested the trial court to *open* the judgment.[3] Appellant subsequently appealed to this Court.

---

[2] "A motion to strike a judgment is in the nature of a demurrer directed to defects in the record." *Chartiers Indus. and Commercial Dev. Auth. v. Allegheny Cnty. Bd. of Prop. Assessment, Appeals and Review,* 645 A.2d 944, 946 n.2 (Pa. Cmwlth.), *appeal denied,* 653 A.2d 1234 (Pa. 1994). We have explained that "[s]uch a motion will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining, the motion to strike must be denied." *Id.*

[3] Cornerstone's Motion requested that the trial court strike the May 6, 2016 default judgment or, in the alternative, open the default judgment. We have previously held that the two remedies are distinct and not interchangeable. *Commonwealth v. Neighbor's First Fed. Credit Union Check in Amount of $76,389.27,* 134 A.3d 149, 156 (Pa. Cmwlth. 2016). "[W]hile the [motion to open judgment] seeks to reopen the case to allow a defendant to assert a meritorious **(Footnote continued on next page…)**

2

By order dated November 17, 2016, we ordered Appellant to file a supplemental brief addressing the appealability of the trial court's order granting Cornerstone's motion to strike. In our November 17, 2016 order, we cited Pa. R.A.P. 311(a)(1), which provides, in pertinent part:

> (a) **General rule**. – An appeal may be taken as of right and without reference to Pa. R.A.P. 341(c)[4] from:
>
> > (1) *Affecting judgments*. – An order *refusing* to open, vacate, or strike off a judgment. If orders opening, vacating, or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

(Emphasis added.) *See* Official Note to Pa. R.A.P. 311(a)(1) ("The 1989 amendment to subparagraph (a)(1) eliminated interlocutory appeals of right from orders opening, vacating, or striking off a judgment while retaining the right of appeal from an order refusing to take any such action."); *but see Cargitlada v.*

---

**(continued…)**

defense, the [motion to strike judgment] 'is the remedy sought by one who complains of fatal irregularities appearing on the face of the record.'" *Id.* (quoting *Cameron v. Great Atl. & Pacific Tea Co.*), 266 A.2d 715, 717 (Pa. 1970). The trial court, in its June 15, 2016 order, expressly granted Cornerstone's "[m]otion to [s]trike the [j]udgment entered on May 6, 2016."

[4] Pa. R.A.P. 341(c) provides, in pertinent part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

*Binks Mfg. Co.*, 837 A.2d 547, 549 n.2 (Pa. Super. 2003) (deciding on merits appeal from trial court order granting motion to strike judgment where trial court's order "disposes of all claims against all parties").[5]

Neither party appears to address whether the June 15, 2016 order of the trial court is appealable as of right, and we discern no reason to deviate from the Official Note to Pa. R.A.P. 311(a)(1), which clarifies that an order *granting* a motion to strike a judgment is not appealable as would be an order *denying* a motion to strike judgment. Under Pa. R.A.P. 311(a)(1), only an order refusing to open, vacate, or strike off a judgment is immediately appealable. By its nature, an order striking a default judgment is not a final order that disposes of the matter. Instead, such an order "annuls the original judgment and the parties are left as if no judgment had been entered." *Resolution Trust Corp. v. Copley Qu-Wayne Assocs.*, 683 A.2d 269, 273 (Pa. 1996). Thus, the trial court's June 15, 2016 order granting Cornerstone's Motion to the extent that it sought to strike the default judgment entered on May 6, 2016, is an interlocutory order which is not appealable.

Accordingly, we quash Appellant's appeal.

<br>

P. KEVIN BROBSON, Judge

---

[5] We note that Appellant's supplemental brief, filed pursuant to this Court's November 17, 2016 order, appears to be a verbatim copy of Appellant's brief on the merits. As such, it does not address the appealability of the trial court's order granting the motion to strike. Thus, Appellant's brief does not address the appealability of the June 15, 2016 order of the trial court.

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamaris A. Carter,                :
               Appellant      :
                                :
         v.                    :     No. 1174 C.D. 2016
                                :
Cornerstone Construction Services   :

## **O R D E R**

AND NOW, this 6th day of June, 2017, we hereby quash Jamaris A. Carter's appeal of the June 15, 2016 order of the Court of Common Pleas of Lackawanna County.

 

 

                                 _____
                                 P. KEVIN BROBSON, Judge